**Jimmy Dean VARNES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–00–00813–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 29, 2001.

Robert E. Hoskins, Galveston, for appellants.

B. Warren Goodson, Jr., Galveston, for appellees.

Panel consists of Justices YATES, EDELMAN, and WITTIG.*

## OPINION

DON WITTIG, Senior Justice (Assigned).

Jimmy Dean Varnes appeals from his felony conviction for failing to register as a sex offender. A jury found him guilty,

---

* Senior Justice Don Wittig sitting by assignment.

found an enhancement paragraph in the indictment to be true, and assessed his punishment at twenty years' imprisonment. On appeal, Varnes contends: (1) that the statute requiring registration is unconstitutional; (2) that the evidence is legally insufficient to support the conviction; and (3) that the State failed to prove all of the elements necessary to make the offense a third degree felony. We affirm.

## I. Background

After serving most of his sentence on a conviction for indecency with a child, Varnes was offered parole. At trial in the present case, Ruth Potts, a state parole officer, testified that in a March 3, 1999, pre-release interview she read to Varnes all of the requirements placed on his parole, including registration as a sex offender. She also specifically stated that she told him that he would have to register with local law enforcement after release regardless of his parole status. Steven McCune, a surveillance officer for the Board of Pardons and Parole, testified that he was present at the pre-release interview and that Potts did, in fact, go over "each and every term" of the Sex Offender Registration Program. Varnes, however, refused to agree to the conditions of parole, and remained incarcerated for six more weeks until the expiration of his sentence, sometime in April 1999.

On October 1, 1999, Varnes was stopped and questioned by Deputy Glenn Madux of the Galveston County Sheriff's Department. Deputy Madux instigated an investigation that ultimately discovered that Varnes had been convicted of a sexual offense but was not registered in Galveston County, or anywhere, as a sex offender. Varnes was then arrested for failing to register. Deputy Michael Henson testified that he interviewed Varnes after the arrest. Henson stated that Varnes told

him that he left Seadrift, Texas, in Calhoun County, to come to Galveston County in August 1999. Henson further testified that Varnes told him that he had been living in the Crystal Beach area, in Galveston County, but then he was injured and moved in with his daughter for three weeks, also in Galveston County.

Varnes was specifically charged as follows: "Jimmy Dean Varnes ... having resided and intended to reside for more than seven days in the County of Galveston, Texas, [did] intentionally and knowingly fail to register a reportable conviction with the local law enforcement authority in the County of Galveston County, Texas, not later than the seventh day after the defendant's arrival in Galveston County, Texas. . . . ." The jury found him guilty and assessed punishment, with enhancement, at twenty years' imprisonment.

## II. Constitutional Analysis

In his first two issues, Varnes attacks the constitutionality of the Sex Offender Registration Program, contained in Chapter 62 of the Texas Code of Criminal Procedure. See TEX.CODE CRIM. PROC. ANN. arts. 62.01–.12 (Vernon Supp.2001). Chapter 62 specifies a number of duties required of both state officials and persons convicted of certain sexual crimes. For example, the statute requires a person convicted of a "qualifying offense" to initially register upon leaving a correctional facility, to verify such registration with the local authorities, and to register or verify registration in any locale where the person resides or intends to reside for more than seven days. Id. art. 62.02. For further example, the statute requires state officials to notify the prospective registrant of his duties under the statute, to actually complete the initial registration for the registrant, and to send the completed form to

the local authorities where the registrant is to reside immediately following release. *Id.* art. 62.03. If a convicted sex offender fails to meet any of his or her requirements under the statute, the statute imposes criminal liability upon him or her for that failure. *Id.* art. 62.10. The statute does not, however, impose any penalties on the State for failing to meet any of its requirements under the statute, nor does it make the convicted offender's duties contingent on the State's fulfillment of its duties. In other words, the statute does not expressly provide the convicted sex offender with a defense to prosecution under the statute based on the State's failure to act.[1]

Varnes contends that this scheme of two-sided duty and one-sided punishment is unconstitutional under a number of different theories, including that: (1) it violates due process protections; (2) it is unconstitutionally vague; (3) it is unconstitutionally overbroad; (4) it violates the right to privacy; and (5) it violates the right against self-incrimination.

### A. Waiver

■ Varnes does not direct us to, nor can we find, any place in the record where he explicitly made his constitutional arguments to the trial court. It therefore appears that he waived at least his vagueness, overbroadness, invasion of privacy, and right against self-incrimination arguments. *See* TEX.R.APP. P. 33.1. Except for complaints concerning fundamental constitutional systemic requirements, which are not raised in these issues, all other complaints based on violations of constitutional or statutory rights may be waived if not properly raised in the trial court. *Ibarra v. State,* 11 S.W.3d 189, 197 (Tex.Crim. App.1999); *see also McGowan v. State,* 938 S.W.2d 732, 736 (Tex.App.—Houston [14th Dist.] 1996) (complaint deemed waived where motion for instructed verdict did not allege unconstitutionality of the statute as applied to defendant), *aff'd,* 975 S.W.2d 621 (Tex.Crim.App.1998).

Varnes's counsel, however, did bring to the court's attention the fact that the statute appears to require notice be given to the convicted sex offender. At the close of evidence, counsel made an oral motion for an instructed verdict, arguing that the State failed to prove notification or knowledge of the registration requirement. To the extent this motion preserved his due process challenge, we will address the merits of that issue.

### B. Due Process

■ Varnes contends Chapter 62 violates the Due Process Clause of the United States Constitution and the due course clause of the Texas Constitution. *See* U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 19. Because Varnes has not separately briefed his state and federal constitutional claims, we assume that he claims no greater protection under the state constitution than that provided by the federal constitution. *See Johnson v. State,* 47 S.W.3d 701, 706 (Tex.App.—Houston [14th Dist.] 2001, pet. filed).

---

1. The Texas statute simply does not address the defense issue. Compare, however, the Washington version of the sex offender registration statute, which requires a state agency to assist certain classes of offenders in completing their registration form but then specifically states: "Failure to provide such assistance shall not constitute a defense for any violation of this section." WASH. REV.CODE ANN. § 9A.44.130(4)(a)(i) (West 2001). The California statute, on the other hand, specifically provides a defense for convicted offenders who do not receive notice of changes in their registration requirements. *See* CAL.PENAL CODE § 290(*l* )(1), (2) (West 2001).

830

■ Specifically, Varnes argues that because the State failed to fulfill its duties under the registration statute, it is unconstitutional to prosecute him for his own failure under the statute. We begin by noting that our analysis might be different if Varnes was convicted of initially failing to register. It was at that time that each of the requirements cited by Varnes was to have been performed by the State. Varnes, however, was convicted of failing to register in Galveston County after having resided there for seven days (and after having apparently moved from Calhoun County). The state officials had no independent duties specifically related to this move, and hence the State's earlier failure to perform such functions as completing and filing the initial registration are not implicated in this case.[2]

■ Varnes also argues, however, that the State failed to properly apprise him of all of his obligations under the statute. Article 62.03 specifically requires that prior to release an institution official must inform the prospective registrant of each of his duties under the statute. However, as discussed above, the statute does not expressly create a defense to prosecution based upon the State's failure to meet the exact requirements of the statutory language.[3] Nor has Varnes cited us to any textual references or precedent suggesting that such a defense should be read into the statute. We decline to hold that a technical violation of the State's duties under the statute necessarily nullifies prosecution un-

der the statute, particularly since the statute expressly makes the prospective registrant responsible for verifying the State's actions and liable for his own failure to act under the statute. *See* TEX.CODE CRIM. PROC. ANN. arts. 62.02(a), 62.10; *see also People v. Garcia*, 25 Cal.4th 744, 107 Cal. Rptr.2d 355, 23 P.3d 590, 597 (2001) (holding that technical omissions concerning notice do not require reversal under similar registration statute).

■ However, this does not complete our analysis. The requirement of notice in the statute appears to be aimed at meeting existing constitutional due process requirements. Such due process notice requirements are necessary because of the very nature of a criminal registration statute. As the Supreme Court stated in *Lambert v. California*, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1958):

The question is whether a registration act of this character violates due process where it is applied to a person who has no actual knowledge of his duty to register, and where no showing is made of the probability of such knowledge. . . . [W]e deal here with conduct that is wholly passive—mere failure to register. It is unlike the commission of acts, or the failure to act under circumstances that should alert the doer to the consequences of his deed. The rule that 'ignorance of the law will not excuse' is deep in our law, as is the principle that of all the powers of local government,

**2.** Local officials do have certain duties under the statute once they receive notice from a registrant that the registrant is leaving or intends to be in the locality for longer than seven days, but such duties are not raised absent the requisite notice by the registrant. *See* TEX.CODE CRIM. PROC. ANN. art. 62.04. There is no allegation in the present case that Varnes gave any notice of his move to any public official or agency.

Furthermore, we hasten to point out that an analysis of the State's failures on these preliminary issues would not necessarily land in Varnes's favor, because the statute specifically makes him responsible for verifying the fact of his registration as well as the accuracy of the information contained therein, neither of which he claims to have done. *See id.* art. 62.02(a), (e).

**3.** *See supra* note 1.

the police power is 'one of the least limitable.' On the other hand, due process places some limits on its exercise. Engrained in our concept of due process is the requirement of notice. Notice is sometimes essential so that the citizen has the chance to defend charges.... Notice is required in a myriad of situations where a penalty or forfeiture might be suffered for mere failure to act. [¶] Violation of [the registration statute] is unaccompanied by any activity whatever, mere presence in the city being the test. Moreover, circumstances which might move one to inquire as to the necessity of registration are completely lacking.... *We believe that actual knowledge of the duty to register or proof of the probability of such knowledge and subsequent failure to comply are necessary before a conviction under the ordinance can stand....* Where a person did not know of the duty to register and where there was no proof of the probability of such knowledge, he may not be convicted consistently with due process.

*Id.* at 227–30, 78 S.Ct. 240 (citations omitted, emphasis added); *see also Billingslea v. State,* 780 S.W.2d 271, 275 (Tex.Crim. App.1989) (citing *Lambert,* 355 U.S. at 229, 78 S.Ct. 240). Hence, due process requires actual notice or the reasonable probability of actual notice before violation of a registration statute can be prosecuted against an individual. The Texas sex offender registration statute requires a showing of nothing more than this. *See generally Garcia,* 107 Cal.Rptr.2d 355, 23 P.3d at 595 (interpreting California registration statute and holding that actual notice test satisfies constitutional requirements).

The notice requirement under the *Lambert* opinion, however, has been very narrowly applied by subsequent courts. In fact, it has frequently been said that the prediction in Justice Frankfurter's dissent has been rendered true: that *Lambert* will stand as "an isolated deviation from the strong current of precedent—a derelict on the waters of the law." *See, e.g., Texaco v. Short,* 454 U.S. 516, 537–38 n. 33, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982); Sharon L. Davies, *The Jurisprudence of Willfulness: An Evolving Theory of Excusable Ignorance,* 48 DUKE L.J. 341, 358 n. 72 (1998) (both quoting *Lambert,* 355 U.S. at 232, 78 S.Ct. 240 (Frankfurter, J., dissenting)); *see also United States v. Kafka,* 222 F.3d 1129, 1132–33 (9th Cir.2000) (issuance of restraining order held sufficient to put defendant on notice that it would be illegal for him to possess a firearm); *United States v. Mitchell,* 209 F.3d 319, 323 (4th Cir.2000) (commission of domestic violence put defendant on sufficient notice that it was unlawful for him to possess a firearm).

█ Given the limited scope of *Lambert,* we find that the record sufficiently proves that Varnes received actual notice, or the reasonable probability of notice, of his duties under the statute. Ruth Potts testified that in his parole pre-release interview, she read to Varnes all of the requirements placed on his parole, including registration as a sex offender. She also specifically stated that she told him that he would have to register with local law enforcement after release regardless of his parole status. She further explained, at trial, that in saying this she meant that he would still have to register even if he was not under parole supervision. Steven McCune testified that he was present at the pre-release interview and that Potts did, in fact, go over "each and every term" of the sex offender registration program. Also in the record, the judgment from Varnes's last conviction states that: "The defendant is required under Article 62.02 C.C.P. to register as a Sex Offender with the appropriate law enforcement agency."

Although this language is not direct proof of actual knowledge, absent proof that Varnes read the judgment, it is some additional evidence tending to show a reasonable probability of notice. The presence of Varnes's thumbprint just below the statement adds further weight to the inference.

Varnes stresses that, to the extent notification occurred, it was during a parole release interview and not in relation to his ultimate release. He further maintains that the State's witnesses on the issue exhibited a certain degree of confusion themselves regarding the requirements of the act. Although we agree in part with each of these contentions, they do not alter our conclusion regarding the existence of actual notice or the reasonable probability of actual notice. Although the State unquestionably failed to inform Varnes of his duties in the precise manner and at the precise time as directed under the statute, we find that the evidence supports the conclusion that Varnes did receive actual notice or the reasonable probability of actual notice. *Lambert*, 355 U.S. at 227–30, 78 S.Ct. 240. Most importantly, he was told that he would have to follow the registration requirements regardless of his parole status. Accordingly, we find that Varnes's constitutional right to due process was not violated by his prosecution in this case. Issues one and two are overruled.

### III. Sufficiency of the Evidence

### A. Legal Sufficiency

In Varnes's third issue, he contends that the evidence was legally insufficient to support the conviction. He specifically argues only that the evidence was insufficient to prove: (1) that his conduct was intentional and knowing as required under the indictment; (2) that he had a prior conviction that was reportable under the statute; or (3) the time period during which he was required to register. In reviewing legal sufficiency, we examine the evidence in the light most favorable to the verdict and ask whether any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Santellan v. State*, 939 S.W.2d 155, 160 (Tex. Crim.App.1997). We accord great deference to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences therefrom. *See Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). We further presume that any conflicting inferences from the evidence were resolved by the jury in favor of the prosecution, and we must defer to that resolution. *See id.* at 133 n. 13. In conducting this review, the appellate court is not to re-evaluate the weight and credibility of the evidence, but must act only to ensure the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim.App.1993); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

### 1. Mental State

Although the sex offender registration statute does not expressly require proof of a mental state for prosecution of a failure to register, the indictment in this case alleged that Varnes "intentionally and knowingly" failed to register. The Texas courts which have reviewed other convictions under Chapter 62 for sufficiency have treated the *mens rea* requirement in the indictments or charges as going to the actual knowledge of the defendant's duty to register. *See, e.g., Rodriguez v. State*, 45 S.W.3d 685, 688 (Tex.App.—Fort Worth 2001, pet. granted); *White v. State*, 988 S.W.2d 277, 279–80 (Tex.App.—Texarkana 1999, no pet.); *see also Moore v. State*, 38 S.W.3d 232, 235 (Tex.App.—Texarkana

2001, pet. ref'd) (example of failure-to-register indictment without *mens rea* requirement).

In arguing that the evidence is insufficient to support the jury's conclusion that he intentionally and knowingly failed to register, Varnes mostly falls back on his same arguments discussed above regarding constitutional notice. He specifically complains that the record does not demonstrate that the State met its burden of informing him of his duties under the statute. Proof of a defendant's mental state must almost always depend upon circumstantial evidence. *Frost v. State*, 2 S.W.3d 625, 630 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd). The foregoing analysis of the evidence regarding notice is equally applicable here. Given our required deference to the role of the jury, we find that the testimony of Officers Potts and McCune that Varnes was told of the registration requirements, along with the statement regarding registration which appeared on the prior judgment, comprise ample evidence on which the jury could have reasonably concluded that Varnes had actual knowledge of his duty to register. *See Clewis*, 922 S.W.2d at 133. The evidence is legally sufficient to support the mental state portion of the verdict.

## 2. Other Legal Sufficiency Issues

Varnes additionally contends that the State failed to put forward any evidence to prove that he was previously convicted of a reportable offense. The jury charge sets up as an element of the offense that Varnes must have been previously convicted of a reportable offense. The charge defines a "reportable conviction" to include indecency with a child, as does the registration statute itself. *See* TEX.CODE CRIM. PROC. ANN. art. 62.01(5)(A).

At trial, the State introduced into evidence, as Exhibit 2, a 1998 judgment demonstrating a conviction for indecency with a child. Defense counsel, however, expressed concern that the judgment contained prejudicial references regarding the enhancement. The parties then struck a deal under which the prosecutor was allowed to read into the record a portion of the judgment but the document was not to be published to the jury until redacted. The judgment appears in the record on appeal in both redacted and nonredacted form, but it is unclear whether the document was ever produced to the jury in either form. Regardless, the prosecutor identified the document to the jury by its cause number and then read into the record: "The State of Texas versus Jimmy Dean Varnes.... Judgment on Plea of Guilty or Nolo Contendere.... Offense convicted of: Indecency with a child by contact." The State then called William O'Briant, a latent print examiner for the Galveston County Sheriff's Office, and he testified that a thumbprint he personally took from Varnes matched the thumbprint on Exhibit 2. The use of fingerprint analysis is an approved method of proving prior convictions. *See Beck v. State*, 719 S.W.2d 205, 209–10 (Tex.Crim.App.1986); *Zimmer v. State*, 989 S.W.2d 48, 51 (Tex.App.—San Antonio 1998, pet. ref'd). This evidence is sufficient to support the jury's finding that Varnes had a prior reportable conviction.

Next, Varnes contends that the State failed to prove the time period for which he was required to register. As discussed above, the State proved that Varnes was previously convicted of indecency with a child. The statute defines indecency with a child as a "sexually violent offense," and it further mandates that persons convicted of a sexually violent offense have a lifelong duty to register. *See* TEX.CODE CRIM. PROC. ANN. art. 62.01(6)(A) (definitions); art. 62.12(a) (expiration of duty to register). Neither the jury charge

nor the statute contain any language requiring the State to prove more. The evidence is sufficient to demonstrate that Varnes's duty to register was for life and, hence, it had not expired by the time of his arrest.

Accordingly, we find the evidence is legally sufficient to support the verdict. Issue number three is overruled.

## B. Level of Offense

In his fourth issue, Varnes asserts that the punishment assessed is void because the State failed to prove all of the elements necessary to making the charged offense a third degree felony. Article 62.10(b)(2) states that an offense under this article is a third degree felony "if the actor is a person whose duty to register expires under Article 62.12(a) and who is required to verify registration once each year under Article 62.06." [4]

A person's duty to register expires under article 62.12(a) if the reportable offense is considered a "sexually violent offense." This phrase is, in turn, defined to include conviction of indecency of a child under Penal Code section 21.11(a)(1). The State called Barry Whitburn, an identification officer for the Galveston Police Department, and he testified that fingerprints he personally took from Varnes matched the fingerprints attached to a pen packet, introduced as State's Exhibit 6. The pen packet included evidence of at least one conviction for a Jimmy Dean Varnes for indecency with a child under section 21.11(a)(1) of the Penal Code. It is well settled that a pen packet combined with fingerprint analysis linking the packet to the defendant is sufficient proof of prior convictions. *Beck*, 719 S.W.2d at 209–10; *Zimmer*, 989 S.W.2d at 51. The State, therefore, sufficiently proved that Varnes's duty to register was to expire pursuant to article 62.12(a).

When a person's duty to register expires under article 62.12(a), the failure to register is punishable as either a second degree felony or a third degree felony. *See* Tex. Code Crim. Proc. Ann. art. 62.10(b)(2), (3). If the person had a duty to verify registration every 90 days, he or she would be guilty of a second degree offense. If the duty was to verify registration only annually then he or she would be guilty of a third degree offense. Under article 62.06, a person must verify registration every 90 days if he or she meets any of the listed conditions, *e.g.*, convicted two or more times for a sexually violent offense. *Everyone else* with a reportable offense must verify registration annually. Therefore, anyone who commits an offense under Chapter 62 and who has a duty to register that expires under article 62.12(a) is guilty of at least a third degree felony. In the present case, the State provided proof that Varnes's duty to register expires under article 62.12(a). Therefore, the State need prove nothing more in order to sustain a conviction as a third degree felony.[5]

Although Varnes does not specifically say it, he appears to be suggesting that because the pen packet contained proof of more than one previous sexually violent offense and hence the court could

---

4. The expiration of the duty to register means when the duty to register ends. *See* Tex Code Crim. Proc. Ann. art. 62.12(a). In Varnes's case, his duty will expire upon his death. *See id.* The statute uses cross-references between four different sections to determine the level of offense.

5. The State also alleged an enhancement paragraph which increased the range of punishment to that of a second degree felony. The jury found the allegations in the paragraph to be true, and Varnes does not make any appellate arguments against that finding.

have charged the jury on second degree felony punishment, the court erred in not doing so. Even if there were any error in charging the jury on a lower range of punishment than what was available, such error would surely be harmless. *See* Tex. R.App. P. 44.2 (nonconstitutional errors are harmless unless they affect substantial rights). Varnes does not contend otherwise. Based on the foregoing analysis, we overrule Varnes's fourth appellate issue.

The judgment of the trial court is affirmed.