COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-03-143-CR
2-03-144-CR
2-03-145-CR
 
 
SHANE 
LEE HALE                                                                  APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 271ST DISTRICT COURT OF WISE COUNTY
 
------------
 
OPINION ON STATE’S 
AMENDED
PETITION FOR DISCRETIONARY REVIEW
 
------------
I. Introduction
        Pursuant 
to Texas Rule of Appellate Procedure 50, we withdraw our March 25, 2004 opinion 
and judgments and substitute the following. Tex. R. App. P. 50. We clarify that we 
address Appellant Shane Lee Hale’s complaint under only the United States 
Constitution and that we apply rule 44.2(a)’s constitutional harm analysis to 
the trial court’s ruling that the testimonial statement of an accomplice is 
admissible against Hale. Tex. R. App. P. 
44.2(a)
        The 
trial court denied Hale’s pretrial motion to exclude a written testimonial 
statement made in the course of custodial interrogation by a nontestifying 
accomplice. Hale then entered negotiated guilty pleas to aggravated sexual 
assault charges, subject to his right to appeal the pretrial ruling. Pursuant to 
the plea agreement, the trial court sentenced Hale to forty years’ 
confinement. Hale filed a notice of appeal, and the trial court certified 
Hale’s right to appeal the pretrial ruling. Hale contends that the trial court 
violated his confrontation rights under the United States Constitution by ruling 
that the nontestifying accomplice’s statement was admissible. Pursuant to the 
dictates of Crawford v. Washington, we agree. ___ U.S. ___, 124 S. Ct. 
1354, 1374 (2004). Consequently, we reverse the trial court’s judgments and 
remand the cases.
II. Factual 
Background
        In 
three separate indictments, the State charged Hale with two instances of 
aggravated sexual assault occurring on November 1, 2001 and March 1, 2002, and 
with being a party to the March 1, 2002 aggravated sexual assault. The State 
provided discovery to Hale indicating that the State would be offering into 
evidence a written statement made during custodial interrogation by Hale’s 
codefendant in the March 1 sexual assault, Michael Gardner. Hale learned that 
Gardner would refuse to testify at Hale’s trial and would assert his right 
against self-incrimination. Hale then filed pretrial motions to exclude 
Gardner’s statement, arguing that the State’s use of a nontestifying 
witness’s written statement inculpating him deprived him of his confrontation 
rights under the United States and Texas Constitutions.
        At 
the pretrial hearing, the trial court heard Hale’s motions to exclude 
Gardner’s statement. Hale offered into evidence an affidavit from Gardner 
swearing that he would refuse to testify and would assert his right against 
self-incrimination. The State responded that it intended to redact Gardner’s 
statement to remove any references to what Hale said or did. The State also 
announced that it would be proceeding to trial only on the March 1 aggravated 
sexual assault charge and on the charge that Hale was a party to the March 1 
aggravated sexual assault. The trial court requested briefs addressing the 
admissibility of Gardner’s confession and a copy of the redacted version of 
Gardner’s confession that the State intended to offer.[1]  
After receiving these items, the trial court ruled that Gardner’s confession 
was admissible and denied Hale’s motion to exclude. Hale then entered 
negotiated guilty pleas predicated on his right to appeal the trial court’s 
pretrial ruling concerning the admissibility of Gardner’s confession. The 
trial court certified Hale’s right to appeal in each case, and these appeals 
followed.
III. Admission 
of Nontestifying Accomplice’s Confession
Violates Confrontation Clause
        In 
two points, Hale contends, respectively, that the trial court’s ruling on the 
admissibility of Gardner’s confession, in light of Gardner’s refusal to 
testify, violates his Sixth Amendment right to confrontation under the United 
States Constitution as well as his confrontation rights under the Texas 
Constitution. The State argues that, because Hale does not point out any 
distinction in the analysis we are to apply under the United States Constitution 
Sixth Amendment Confrontation Clause and under the Texas Constitution, we should 
not apply a separate analysis and should overrule his second point. We agree, 
and we analyze Hale’s contention under the United States Constitution Sixth 
Amendment Confrontation Clause only. See, e.g., Lagrone v. State, 942 
S.W.2d 602, 614 (Tex. Crim. App.), cert. denied, 522 U.S. 917 (1997); Varnes 
v. State, 63 S.W.3d 824, 829 (Tex. App.—Houston [14th Dist.] 
2001, no pet.) (holding that appellate court assumes appellant claims no greater 
protection under state constitution than that provided by federal constitution 
when state and federal claims not briefed separately). We overrule Hale’s 
second point.
        We 
review de novo the trial court’s ruling that the admission of Gardner’s 
confession would not violate Hale’s Confrontation Clause rights. Lilly v. 
Virginia, 527 U.S. 116, 136-37, 119 S. Ct. 1887, 1900 (1999) (holding that 
“when deciding whether the admission of a declarant’s out-of-court 
statements violates the Confrontation Clause, courts should independently review 
whether the government’s proffered guarantees of trustworthiness satisfy the 
demands of the Clause”). The Sixth Amendment to the United States Constitution 
provides that “[i]n all criminal prosecutions, the accused shall enjoy the 
right to . . . be confronted with the witnesses against him.” U.S. Const. amend. VI. The central 
concern of the Confrontation Clause is to ensure the reliability of the evidence 
against a criminal defendant by subjecting it to rigorous testing in the context 
of an adversarial proceeding before the trier of fact. Lilly, 527 U.S. at 
123-24, 119 S. Ct. at 1894. The United States Supreme Court recently held that, 
without exception, testimonial statements of witnesses absent from trial are 
admissible over a Sixth Amendment Confrontation Clause objection only where the 
declarant is unavailable and only where the defendant has had a prior 
opportunity to cross-examine.[2]  Crawford, 
124 S. Ct. at 1368-69. Statements taken by police officers in the course of 
interrogations are testimonial. Id. at 1364. Under Crawford, 
Gardner’s written statement made to police during custodial interrogation 
constitutes testimonial evidence. Id. Gardner swore in an affidavit that 
he would assert his right not to testify at Hale’s trial, and Hale did not 
have a prior opportunity to cross examine Gardner concerning his statement. The 
admission of a testimonial statement by an accomplice or codefendant as evidence 
of guilt of the defendant on trial, absent opportunity by the defendant to cross 
examine the declarant, is “sufficient to make out a violation of the Sixth 
Amendment.” Id. at 1374. Thus, the trial court’s ruling on the 
admissibility of Gardner’s testimonial statement violated Hale’s Sixth 
Amendment Confrontation Clause rights. Gardner’s statement is not admissible 
against Hale, and the trial court, without the benefit of the United States 
Supreme Court’s holding in Crawford, erred in holding otherwise. See 
id.
        The 
Sixth Amendment right of confrontation is a fundamental right and is applicable 
to the States by virtue of the Fourteenth Amendment. Shelby v. State, 819 
S.W.2d 544, 546 (Tex. Crim. App. 1991) (citing Pointer v. Texas, 380 U.S. 
400, 403, 85 S. Ct. 1065, 1068 (1965)). Because the Sixth Amendment right of 
confrontation is a fundamental right, and because a violation of that right 
constitutes constitutional error, we must reverse a trial court’s judgment 
when Confrontation Clause error is present unless we can determine beyond a 
reasonable doubt that the error did not contribute to the conviction. See 
Tex. R. App. P. 44.2(a) (requiring 
reversal of constitutional error unless the appellate court determines beyond a 
reasonable doubt that the error did not contribute to the conviction); see 
also Davis v. Alaska, 415 U.S. 308, 318, 94 S. Ct. 1105, 1111 (1974) 
(holding that denial of effective cross-examination is “constitutional error 
of the first magnitude and no amount of showing of want of prejudice would cure 
it”). In determining harm from Confrontation Clause error, we are to apply the 
factors enunciated in Delaware v. Van Arsdall, 475 U.S. 673, 106 S. Ct. 
1431 (1986). Shelby, 819 S.W.2d at 547, 550-51 (applying factors when, as 
here, trial court admitted witness’s testimony against the defendant but 
limited the defendant’s cross-examination of that witness). The Van Arsdall 
harm factors are the importance of the witness’s testimony; whether the 
testimony was cumulative; the presence or absence of evidence corroborating or 
contradicting material points of the witness’s testimony; the extent 
cross-examination was permitted; and the overall strength of the State’s case. 
475 U.S. at 684, 106 S.Ct. at 1438. If, applying these factors, the appellate 
court cannot determine beyond a reasonable doubt that the Confrontation Clause 
violation did not contribute to the appellant’s conviction or punishment, it 
must reverse the trial court’s judgment. Tex. R. App. P. 44.2(a); Shelby, 
819 S.W.2d at 546-47 (applying factors and holding that “we cannot conclude 
beyond a reasonable doubt that the denial of the appellant’s fundamental right 
to cross-examination guaranteed by the Sixth Amendment was harmless”).
        Hale 
entered guilty pleas after the trial court denied his pretrial motions to 
exclude Gardner’s testimonial statement. Consequently, the record before us 
does not include a trial. Thus, we cannot apply the Van Arsdall harm 
factors to conclude that the Confrontation Clause violation was harmless. Accord 
Shelby, 819 S.W.2d at 546-47. Because Hale pleaded guilty following the 
trial court’s pretrial ruling on his motions to exclude and obtained 
permission to appeal that ruling, on the record before us we cannot determine 
beyond a reasonable doubt that the trial court’s erroneous ruling on Hale’s 
pretrial motions to exclude did not contribute to his guilty pleas, that is, his 
convictions. Accordingly, we sustain Hale’s first point.
IV. No Waiver 
of Confrontation Rights in Cause No. 12,075
        Hale 
filed a “Motion to Prohibit State from Attempting to Introduce Written 
Statements or Reports From State Witnesses or Co-Defendant” in each of the 
three cases pending against him. The trial court considered Hale’s motions to 
prohibit the State’s use of Gardner’s statement at a pretrial hearing. At 
the hearing, the State announced that it intended to proceed to trial on only 
two of the indictments against Hale. The trial court ruled that Gardner’s 
statement was admissible. Subsequently, all three cases against Hale were called 
to trial, and he entered negotiated pleas of guilt in each case.
        The 
State now contends on appeal that because at the pretrial hearing it stated that 
it was proceeding to trial on only two of the indictments against Hale, the 
trial court’s ruling concerning the admissibility of Gardner’s statement 
applied only to those two cases, not to the third case—cause no. 12,075—on 
which the State did not intend to proceed to trial. The State claims that Hale 
failed to obtain a ruling on the admissibility of Gardner’s statement in the 
third case and that, therefore, the issue is waived as to that case. We cannot 
agree. Hale filed motions asserting his Confrontation Clause rights and 
objecting to the State’s use of Gardner’s statement in each case pending 
against him and set a hearing on all three of the motions. The trial court’s 
ruling therefore clearly applies to all three motions. We decline to hold that a 
decision by the State as to which cases it is proceeding to trial on can result 
in a waiver of rulings specifically sought by a defendant in written motions and 
sought at a hearing on those motions.
V. Conclusion
        Having 
sustained Hale’s first point, we reverse the trial court’s judgments and 
remand the cases to that court.
 
 
                                                          SUE 
WALKER
                                                          JUSTICE
 
  
PANEL 
A:   LIVINGSTON and WALKER, JJ.
 
                CAYCE, 
C.J., not participating.
 
PUBLISH
DELIVERED: 
June 9, 2004


NOTES
1.  
The State provided the trial court with a copy of the redacted version it 
intended to use, and the redacted statement is in the record before us. The 
redacted statement simply replaces Hale’s name with generic pronouns such as 
“he” or “him,” but does not delete references to conduct attributed to 
Hale.
2.  
Crawford was pending, certiorari granted, in the United States Supreme 
Court at the time of oral argument, and both sides acknowledged that the Supreme 
Court’s holding in that case would be dispositive of the present case.