Affirmed and Memorandum Opinion filed July 19, 2007








Affirmed and Memorandum Opinion filed July 19, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00216-CR

____________

 

RAYMOND CARL MARTIN, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause No. 1042764

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Raymond Carl Martin, Jr., of
murder and sentenced him to seventy-five years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  In two
issues, appellant argues (1) the trial court violated his constitutional right
of confrontation by not permitting evidence of a prosecution witness=s reputation and
(2) the evidence is legally insufficient to support his conviction.  We affirm.

 

 








I.  Factual and Procedural Background

On the night of January 9, 2005, appellant and Danyelle
Jefferson were attending a barbeque at an apartment complex in the Greenspoint
area of Houston.  Jefferson testified that appellant brought a gun in a duffle
bag with him to the barbeque.  Arnold Moore approached Jefferson and offered
him six Xanax pills.  Appellant and Moore argued over the price of the pills. 
When they were not able to come to an agreement, appellant, Moore, and
Jefferson went to George Johnson=s apartment to
discuss the price with the decedent, Kristina Oblanis.  Appellant and the
decedent argued over the price of the pills inside the apartment, then walked
outside.  Appellant was carrying the gun from the duffle bag when he walked
outside. Moore, Johnson, and Jefferson remained inside the apartment.

While appellant and the decedent were outside, Moore,
Johnson, and Jefferson heard a gunshot.  Immediately afterward, appellant came
back inside still carrying the gun, and said to Jefferson, ACome on, let=s go.@  Jefferson and
appellant walked outside and Jefferson saw the decedent lying face down on the
ground.  Jefferson asked appellant if he had killed the decedent, and appellant
answered that he had.  Appellant and Jefferson stopped at another person=s apartment in the
same complex, and appellant told that person that he needed to dispose of the
gun.  At that time, appellant asked Jefferson to go back to the scene and look
for bullets.  Jefferson told appellant she would look for bullets, but instead
used the opportunity to leave the scene.  As Jefferson left, she saw police
arriving on the scene in response to the gunshot.  

Appellant was indicted for murder, enhanced by a prior
felony conviction.  He pleaded not guilty, and his jury trial began on January
27, 2006.  After finding appellant guilty and returning a finding of true on
the enhancement, the jury sentenced appellant to 75 years= confinement in
the Texas Department of Criminal Justice, Institutional Division, and assessed
a $10,000 fine.  This appeal timely followed.








II.  Confrontation Clause

In his first issue, appellant contends the trial court
violated his Sixth Amendment right to confront and cross-examine the witnesses
against him.  Appellant attempted to cross-examine Danyelle Jefferson regarding
her alleged history as a drug dealer and prostitute after Jefferson had
testified about her employment on direct-examination.  The State objected on
relevance grounds and the trial court sustained that objection, specifically
finding that whether Jefferson was a prostitute or drug dealer was not relevant
and that the prejudicial effect of such evidence would outweigh any probative
value.  Although  appellant did not raise any confrontation clause issue below,[1]
on appeal he complains the trial court violated his federal Sixth Amendment
right to confront the witnesses against him. But because appellant did not make
a Confrontation Clause argument or otherwise put the trial judge on notice  of
such an argument, he must Asuffer on appeal the consequences of his
insufficiently specific offer.@  Reyna v. State, 168 S.W.3d 173,
179 (Tex. Crim. App. 2005) (quoting Jones v. State, 843 S.W.2d 487, 492
(Tex. Crim. App. 1992), abrogated on other grounds by Maxwell v. State,
48 S.W.3d 196, 200 (Tex. Crim. App. 2001); see also Grant v. State, 218
S.W.3d 225, 229 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d).  Because
appellant failed to preserve error on Confrontation Clause grounds, we overrule
his first issue.

III.  Sufficiency of the Evidence








In his
second issue, appellant contends the evidence is legally insufficient to
support his conviction for murder.  Appellant admits the evidence is sufficient
to convict him of manslaughter, but contends the evidence is insufficient to
show he intended to cause the decedent serious bodily injury or death.  When
reviewing the legal sufficiency of the evidence, we do not ask whether we
believe that the evidence at trial established guilt beyond a reasonable doubt.
Jackson v. Virginia, 443 U.S. 307, 318B19, 99 S.Ct. 2781, 2789 (1979).
Rather, we examine the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Id. 443 U.S. at 319,
99 S.Ct. at 2789; Mason v. State, 905 S.W.2d 570, 574 (Tex. Crim. App.
1995) (en banc).

A person
commits murder if he intentionally or knowingly causes the death of an
individual.  Tex. Penal Code Ann.
' 19.02(b)(1) (Vernon 2003).  A person
also commits murder if he intends to cause serious bodily injury and commits an
act clearly dangerous to human life that causes the death of an individual. Id.
' 19.02(b)(2).  Specific intent to
kill may be inferred from the use of a deadly weapon in a deadly manner.  Adanandus
v. State, 866 S.W.2d 210, 215 (Tex. Crim. App. 1993).  A handgun is a
deadly weapon per se.  Tex. Penal Code
Ann. ' 1.07(a)(17)(A) (Vernon Supp. 2006).  If a deadly weapon is used in a
deadly manner, the inference is almost conclusive that the defendant intended
to kill.  Adanandus, 866 S.W.2d at 215.  Proof of a mental state almost
always depends upon circumstantial evidence.  Varnes v. State, 63 S.W.3d
824, 833 (Tex. App.CHouston [14th Dist.] 2001, no pet.).  To determine
culpability for an offense, the jury is entitled to consider events that
occurred before, during, and after the commission of the offense.  Mouton v.
State, 923 S.W.2d 219, 223 (Tex. App.CHouston [14th Dist.] 2001, no pet.);
see also Godsey v. State, 719 S.W.2d 578, 581 (Tex. Crim. App. 1986).  








The
record reflects that both Danyelle Jefferson and George Johnson saw appellant
follow the decedent out of the apartment with a gun in his hand.  Both
witnesses saw appellant argue with the decedent prior to hearing the gunshot. 
Appellant admits he fired the gun, but claims he did not intend to cause the
decedent serious bodily injury or death.  When Jefferson left with appellant,
she asked him whether he had killed the decedent.  Appellant replied that he
had killed her, and later attempted to dispose of the handgun.  Appellant=s actions before, during, and after
the offense coupled with his use of a deadly weapon present sufficient
circumstantial evidence from which a rational jury could conclude that
appellant intended to cause serious bodily injury or death.  Viewing the
evidence in the light most favorable to the verdict, we conclude that any
rational trier of fact could have found beyond a reasonable doubt that
appellant intended to kill the decedent or cause her serious bodily injury.  We
overrule appellant=s second issue.

IV.  Conclusion 

Because we have overruled appellant=s two issues, we affirm the
judgment of the trial court.

 

 

 

/s/      Eva M. Guzman

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 19, 2007.

Panel consists of
Justices Frost, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Instead, appellant argued only that the evidence was
relevant for impeachment purposes.