**Affirmed and Memorandum Opinion filed May 15, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00258-CR

## CLARENCE MICHAEL BROWN, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1355968**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Clarence Michael Brown of felony assault of a person with whom he had a dating relationship with a prior conviction for assault against a family member. The jury sentenced appellant to confinement for forty years. Appellant raises two issues. We affirm.

The record reflects appellant was living with Patsy Davis, with whom he had a long-term dating relationship. According to Davis, appellant accused her of

cheating on him, pushed her to the ground, and threatened to kill her. The police were called and appellant left the home, returning shortly thereafter. Appellant then slapped Davis across the face with his hand. Davis testified that appellant hit her hard, causing swelling of her face and making a cut on her nose from her glasses. The police were called again and appellant fled. He was arrested when he returned.

In his first issue, appellant claims the evidence is insufficient to prove he had a prior conviction for an assault against a family member in cause number 1108537. The State introduced into evidence a judgment and sentence in cause number 1108537 for the offense of assault of a family member. The record reflects Deputy Roy Glover, a fingerprint examiner with the Harris County Sheriff's Office, testified as follows:

> Q. (BY [THE STATE]) Officer Glover, I'm showing you for identification purposes what has been marked as State's Exhibit No. 13. Can you tell us what that is?
>
> A. It's a three-by-five card of the defendant's right and left thumb prints, his right and left index fingers. And also I had the defendant write his name on the card.
>
> . . .
>
> Q. Now, looking at State's Exhibit No. 14, can you tell us what this is, sir?
>
> A. This is a J and S.
>
> Q. And can you tell what a J and S -- what does that stand for?
>
> A. It's a judgment and sentence. It basically is documentation of the defendant's prior criminal history.
>
> Q. Now, this particular judgment and sentence, the J and S, can you tell us the name of the defendant in this J and S?
>
> A. It is Clarence Brown -- Clarence Michael Brown, Jr.
>
> Q. And do you see a cause number on this J and S?

A. Yes.

Q. And what is that cause number, sir?

A. The cause number is 1108537.

. . .

Q. (BY [THE STATE]) Deputy Glover, looking at State's Exhibit No. 14, on the second page you said that we have a fingerprint. Have you had an opportunity to review the fingerprint on State's Exhibit 13 against State's Exhibit No. 14?

A. Yes.

Q. And based off of your training and experience in fingerprint identification, do we have a match?

A. Yes.

Q. And can you tell us how you actually go about making that match, sir?

A. I rolled the individual's fingerprints. I then take the fingerprints side-by-side and I look for similar characteristics in both prints.

Q. And you were able to find those similar characteristics here, sir?

A. Yes.

Although appellant urges that "we have a match" is insufficient to link Appellant to the enhancing offense, we disagree. Viewing this testimony in context, the witness testified that the fingerprints of appellant which he obtained for State's Exhibit No. 13 and the fingerprints of the convicted defendant Clarence Michael Brown, Jr. on State's Exhibit No. 14 match each other. We conclude this evidence is sufficient to support the jury's finding that appellant had a prior conviction for assault against a family member. *See Varnes v. State*, 63 S.W.3d 824, 833 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("the use of fingerprint analysis is an approved method of proving prior convictions"). Appellant's first issue is overruled.

Appellant's second issue argues the jury's verdict and sentence are void because the record on appeal does not contain a written verdict of guilt or a written verdict of punishment from the jury. A supplemental clerk's record was filed in this court. *See* Tex. R. App. P. 34.5(c). It contains a written verdict of guilt and sentence of forty years, both signed the foreperson of the jury. Accordingly, we overrule appellant's second issue.

Having overruled both of appellant's issues, we affirm the trial court's judgment.


/s/    Sharon McCally
Justice


Panel consists of Justices McCally, Busby, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

4