**Carlos RODRIGUEZ a/k/a Jose Luna, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–00–276–CR.**

Court of Appeals of Texas, Fort Worth.

March 15, 2001.

Anthony C. Odiorne, Wichita Falls, for Appellant.

Barry Macha, Crim. Dist. Atty., John W. Brasher, Hillary S. Netardus, Asst., Crim., Dist., Wichita Falls, for appellee.

LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Appellant Carlos Rodriguez a/k/a Jose Luna appeals his conviction for failure to register as a sex offender. In his first point, Appellant argues that the requirement to register for life as a sex offender is a violation of the ex post facto clause of the United States and Texas Constitutions. In his second point, Appellant argues the evidence was legally and factually insufficient to support his conviction. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 26, 1987, Appellant was convicted of aggravated sexual assault with a deadly weapon finding. Appellant was sentenced to 17 years' confinement. On November 6, 1992, Appellant was released on mandatory supervision. Because Appellant is a Mexican national he was immediately deported to Mexico where he was released from custody.

In 1997, Appellant illegally re-entered the United States and moved to Wichita Falls, Texas. Appellant lived and worked in Wichita Falls until June 30, 1999, when he was arrested for failure to register as a sex offender. On April 26, 2000, a jury found Appellant guilty, and the trial court sentenced him to 540 days' confinement in a state jail.

### FACTUAL AND LEGAL SUFFICIENCY

In his second point, Appellant argues the evidence was legally and factually insufficient to demonstrate that he knowingly or intentionally failed to register as a sex offender. In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict. *Cardenas v. State,* 30 S.W.3d 384, 389–90 (Tex.Crim. App.2000); *Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *McDuff v. State,* 939 S.W.2d 607, 614 (Tex.Crim.App.), *cert. denied,* 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our duty is not to reweigh the evidence from reading a cold record but to act as a due process safeguard ensuring only the rationality of the fact finder. *Williams v. State,* 937 S.W.2d 479, 483 (Tex.Crim.App.1996). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State,* 819 S.W.2d 839, 846 (Tex.Crim.App.1991).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex. Crim.App.2000); *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996). Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence. *Johnson,* 23 S.W.3d at 11. Therefore, we must determine wheth-

er a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Id.* In performing this review, we are to give due deference to the fact finder's determinations. *Id.* at 8–9; *Clewis,* 922 S.W.2d at 136. Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice. *Johnson,* 23 S.W.3d at 9, 12; *Cain v. State,* 958 S.W.2d 404, 407 (Tex.Crim.App.1997).

■ Here, the evidence demonstrates that Appellant was convicted of aggravated sexual assault in 1987. In 1992, Appellant was released on mandatory supervision and was informed that he would be subject to supervision until March 18, 2003. However, because Appellant is a Mexican national, he was deported to Mexico before being physically released from custody. Appellant then illegally re-entered Texas in 1997.

Appellant does not dispute that he did not report to the parole authorities or register as a sex offender, upon his re-entry. Instead, Appellant contends that he did not know that he was still on parole, and that he was not informed by parole authorities that he was required to register as a sex offender. Furthermore, Appellant contends that he was not informed of his obligation to register until he was arrested for failure to do so. Appellant contends that he should have been informed of the requirement to register prior to his arrest and that he would have registered had he been so informed. However, Appellant was informed prior to his release that he was subject to mandatory supervision until 2003 and that he must comply with the sex offender registration program. This is evidenced by the manda-tory parole certificate that bears Appellant's name, identification number, and signature. Appellant cannot now successfully argue that he should have been informed by the parole authorities upon his illegal re-entry that he was required to register when he acknowledges he did not inform the authorities of his re-entry.

■ A rational jury could infer, from the evidence, that Appellant did not report his return to Texas in order to intentionally or knowingly circumvent his mandatory supervision and registration requirements. In addition, the jury, as fact finder, is the sole judge of the credibility of witnesses and the weight to be given their testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). Here, the jury chose not to believe Appellant's testimony, which was within its discretion. *See id.* After reviewing the evidence, we cannot say that the jury could not have found that Appellant knowingly or intentionally failed to register as a sex offender. *See McDuff,* 939 S.W.2d at 614. Similarly, we cannot say that the evidence is so weak as to be clearly wrong and manifestly unjust or that the adverse finding is against the great weight and preponderance of the evidence. *See Johnson,* 23 S.W.3d at 11. We hold that the evidence is legally and factually sufficient to support Appellant's conviction. We overrule point two.

### Ex Post Facto Clause

In his first point, Appellant argues that the requirement to register for life as a sex offender is a violation of the ex post facto clause of the United States and Texas Constitutions. *See* U.S. Const. art. I, § 10, cl.1; Tex. Const. art. I, § 16. Specifically, Appellant points to the 1997 amendment to the sexual offender registration statute, which he contends is unlawful as applied to him. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 11, 1997 Tex.

Gen. Laws 2253, 2264 (amended 1999) (current version at TEX.CODE CRIM. PROC. ANN. art. 62.11 (Vernon Supp.2001)). The registration statute in effect when Appellant was released on mandatory supervision required persons with a reportable conviction or adjudication to register as a sex offender as a condition of parole or mandatory supervision. *See* Act of May 25, 1991, 72nd Leg., R.S., ch. 572, § 1, 1991 Tex. Gen. Laws 2029, 2029 (amended 1993, 1997, & 1999) (current version at TEX.CODE CRIM. PROC. ANN. art. 62.11 (Vernon Supp. 2001)). The 1997 amendment enlarged the class of persons required to register to those convicted of a reportable offense, such as aggravated sexual assault, on or after September 1, 1970. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 11, 1997 Tex. Gen. Laws 2253, 2264 (amended 1999). The applicability of the amendment was limited to those defendants who were either confined in a penal institution, or were under the supervision and control of a juvenile probation office, a community supervision and corrections department, or the pardons and paroles division of the Texas Department of Criminal Justice. *Id.*

Appellant was released on mandatory supervision and his release certificate demonstrates that he was supposed to be under the supervision of the pardons and paroles division. In addition, his release certificate demonstrates that Appellant was expressly required to register as a sex offender as a condition of his release. Because Appellant had not been discharged from his mandatory supervision, under the statutory amendment he was subject to the registration requirements. *See id.*

█ The State contends that the statutory amendment was properly applied to Appellant and that the registration requirement does not qualify as an ex post facto law. We agree. Under United States or Texas Constitutional analysis, an ex post facto law: (1) punishes as a crime an act previously committed which was innocent when done; (2) changes the punishment and inflicts a greater punishment than the law attached to a criminal offense when committed; (3) deprives a person charged with a crime any defense available at the time the act was committed; or (4) alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense in order to convict the offender. *Carmell v. Texas,* 529 U.S. 513, 513, 120 S.Ct. 1620, 1622–23, 146 L.Ed.2d 577 (2000); *Ex Parte Davis,* 947 S.W.2d 216, 219–20 (Tex.Crim.App.1996); *Johnson v. State,* 930 S.W.2d 589, 591 (Tex.Crim.App.1996).

█ Appellant urges that the law is unconstitutionally applied to him because it imposes an additional punitive measure, the requirement to register for life, to an act previously committed. However, because the registration requirement is remedial in nature, i.e., a statute enacted for the advancement of the public welfare or conducive to the public good, it does not impose "punishment" for constitutional purposes and is not susceptible to an ex post facto claim. *See Saldana v. State,* 33 S.W.3d 70, 71 (Tex.App.—Corpus Christi 2000, no pet.); *see also White v. State,* 988 S.W.2d 277, 279 (Tex.App.—Texarkana 1999, no pet.). We hold that the registration requirement is not punishment and that an ex post facto analysis does not apply to its application. We overrule point one.

### CONCLUSION

Having overruled both of Appellant's points, we affirm the trial court's judgment.