Joshua James Carl Jamieson a/k/a Joshua Jamieson v. State




COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-216-CR
 
JOSHUA JAMES CARL JAMIESON       
           
           
           
           
    APPELLANT
A/K/A JOSHUA JAMIESON
V.
THE STATE OF TEXAS           
           
           
           
           
           
        STATE
------------
FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Joshua James Carl
Jamieson appeals his conviction for driving while intoxicated, felony
repetition. In a single point on appeal, appellant contends the evidence is both
legally and factually insufficient to support the conviction. We will affirm.
The evidence supporting the verdict
shows that David Kervin, a second year law student, and his date were driving to
her car at around 11:00 p.m. In his rear-view mirror, David noticed a car
approaching and that it made a "severe kind of swerve." Appellant, the
driver of the swerving vehicle, pulled along side David's car and began making
gestures. David rolled down his window, but found it difficult to understand
what the driver was saying because appellant's speech was slurred, jumbled, and
laced with profanities. As David and his date continued to her car, appellant
continued communicating with David and making threats.
David pulled into a gas station.
Appellant then pulled his vehicle into the gas station, exited his vehicle, and
made a "beeline" for David. David, fearing for his safety, hit
appellant. They were separated quickly by some bystanders, and the police were
called.
Officer M. T. Riggs arrived at the
scene and found appellant standing outside David's car, screaming and yelling at
David and his date as they sat inside the vehicle. Officer Riggs was a six-year
veteran of the Fort Worth Police Department and a member of the
driving-while-intoxicated unit. Officer Riggs immediately noticed appellant had
a strong odor of alcohol about his person, slurred speech, unsteady balance, and
bloodshot eyes.
While Officer Riggs was gathering
information about a possible assault, the information led him to believe that
appellant had committed the offense of driving while intoxicated. David, his
date, and appellant all told Officer Riggs that appellant had been operating a
motor vehicle that night. David stated that based on appellant's mental and
physical condition, appellant was either insane or drunk and that "drunk
was the most obvious."
Based upon this information,
Officer Riggs asked appellant to perform the standardized field sobriety tests.
Appellant demonstrated six out of six clues of intoxication on the horizontal
gaze nystagmus test, eight out of eight intoxication factors on the
walk-and-turn evaluation, and three out of four possible factors indicating
intoxication on the one-leg-stand test. On the walk-and-turn evaluation, Officer
Riggs noticed that appellant could not balance while listening to the
instructions, follow the instructions regarding when to begin, walk without
stopping to steady himself on several steps, follow the heel to toe
instructions, maintain balance while walking without using his arms to balance,
or turn correctly and take the correct number of steps. Additionally, appellant
almost fell on the turn. During the one-leg-stand test, Officer Riggs observed
appellant sway while balancing, put his foot down several times, and use his
arms for balance.
Officer Riggs formed the opinion
that appellant had lost the normal use of his mental and physical faculties as a
result of the introduction of alcohol into his body and that appellant had been
operating a vehicle in a public place. He placed appellant under arrest. A
search of appellant's vehicle yielded two empty cans of light beer and a nearly
empty bottle of Boone's Farm wine.
There was no video made at the
scene because the video camera in Officer Riggs's police car was out of order. A
videotape was made at the police station, where appellant refused to give a
breath specimen and to perform the field sobriety tests. While being taped and
responding to questioning, appellant stated he had consumed two beers that
evening and that he had come from The Wreck Room, a bar on Seventh Street.
Appellant was also shown on videotape losing his balance at one point and
appearing unsteady on his feet another time.
In contending the evidence is
legally and factually insufficient to support his conviction, appellant argues
that the videotape recorded at the police station demonstrates that he was able
to answer all booking questions asked of him without slurring, confusion, or
delay and that he was able to stand without swaying or support. He claims that
the tape contradicts Officer Riggs's testimony to a degree that no rational
trier of fact could have found the necessary elements of DWI beyond a reasonable
doubt.
A person commits the offense of
driving while intoxicated if the person is intoxicated while operating a motor
vehicle in a public place. Tex. Penal Code Ann. § 49.04(a) (Vernon 2003). In
order to establish the offense of driving while intoxicated, the State must
prove that (1) the person did not have the normal use of mental or physical
faculties by reason of the introduction of alcohol; or (2) the person had a
blood alcohol concentration of 0.08 or more. Id. § 49.01.
The jury, as fact finder, is the
sole judge of the credibility of witnesses and the weight to be given their
testimony. See Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App.
2002); Rodriguez v. State, 45 S.W.3d 685, 688 (Tex. App.--Fort Worth
2001), aff'd, 93 S.W.3d 60 (Tex. Crim. App. 2002). Here, the jury chose
to believe the testimony of David Kervin and Officer Riggs, which was within its
discretion. The jury also observed the video tape, and while the tape did show
appellant able to answer questions without any apparent slurring, confusion, or
delay, the tape also showed appellant losing his balance and becoming unsteady
on two occasions. From the evidence presented, we conclude the jury could have
found the necessary elements of DWI beyond a reasonable doubt. Applying the
appropriate standards of review, we hold that the evidence is both legally and
factually sufficient to support appellant's conviction for the offense of
driving while intoxicated, felony repetition. See Cardenas v. State, 30
S.W.3d 384, 389-90 (Tex. Crim. App. 2000); McDuff v. State, 939 S.W.2d
607, 614 (Tex. Crim. App.), cert. denied, 522 U.S. 844 (1997); Narvaiz
v. State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), cert. denied,
507 U.S. 975 (1993) (all addressing legal sufficiency review); Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996) (all addressing factual sufficiency review). We
overrule appellant's sole point on appeal and affirm the trial court's judgment.
 
                                                                       
PER CURIAM
 
PANEL F: WALKER, HOLMAN, and
GARDNER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 17, 2003

1.  See Tex. R. App. P. 47.4.