Joshua James Carl Jamieson a/k/a Joshua Jamieson v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-216-CR

JOSHUA JAMES CARL JAMIESON APPELLANT

A/K/A JOSHUA JAMIESON

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Joshua James Carl Jamieson appeals his conviction for driving while intoxicated, felony repetition.  In a single point on appeal, appellant contends the evidence is both legally and factually insufficient to support the conviction.  We will affirm.

The evidence supporting the verdict shows that David Kervin, a second year law student, and his date were driving to her car at around 11:00 p.m.  In his rear-view mirror, David noticed a car approaching and that it made a “severe kind of swerve.”  Appellant, the driver of the swerving vehicle, pulled along side David’s car and began making gestures.  David rolled down his window, but found it difficult to understand what the driver was saying because appellant’s speech was slurred, jumbled, and laced with profanities.  As David and his date continued to her car, appellant continued communicating with David and making threats.

David pulled into a gas station.  Appellant then pulled his vehicle into the gas station, exited his vehicle, and made a “beeline” for David.  David, fearing for his safety, hit appellant.  They were separated quickly by some bystanders, and the police were called.

Officer M. T. Riggs arrived at the scene and found appellant standing outside David’s car, screaming and yelling at David and his date as they sat inside the vehicle.  Officer Riggs was a six-year veteran of the Fort Worth Police Department and a member of the driving-while-intoxicated unit.  Officer Riggs immediately noticed appellant had a strong odor of alcohol about his person, slurred speech, unsteady balance, and bloodshot eyes.

While Officer Riggs was gathering information about a possible assault, the information led him to believe that appellant had committed the offense of driving while intoxicated.  David, his date, and appellant all told Officer Riggs that appellant had been operating a motor vehicle that night.  David stated that based on appellant’s mental and physical condition, appellant was either insane or drunk and that “drunk was the most obvious.”

Based upon this information, Officer Riggs asked appellant to perform the standardized field sobriety tests.  Appellant demonstrated six out of six clues of intoxication on the horizontal gaze nystagmus test, eight out of eight intoxication factors on the walk-and-turn evaluation, and three out of four possible factors indicating intoxication on the one-leg-stand test.  On the walk-and-turn evaluation, Officer Riggs noticed that appellant could not balance while listening to the instructions, follow the instructions regarding when to begin, walk without stopping to steady himself on several steps, follow the heel to toe instructions, maintain balance while walking without using his arms to balance, or turn correctly and take the correct number of steps.  Additionally, appellant almost fell on the turn.  During the one-leg-stand test, Officer Riggs observed appellant sway while balancing, put his foot down several times, and use his arms for balance.

Officer Riggs formed the opinion that appellant had lost the normal use of his mental and physical faculties as a result of the introduction of alcohol into his body and that appellant had been operating a vehicle in a public place.  He placed appellant under arrest.  A search of appellant’s vehicle yielded two empty cans of light beer and a nearly empty bottle of Boone’s Farm wine.

There was no video made at the scene because the video camera in Officer Riggs’s police car was out of order.  A videotape was made at the police station, where appellant refused to give a breath specimen and to perform the field sobriety tests.  While being taped and responding to questioning, appellant stated he had consumed two beers that evening and that he had come from The Wreck Room, a bar on Seventh
 Street.  Appellant was also shown on videotape losing his balance at one point and appearing unsteady on his feet another time.

In contending the evidence is legally and factually insufficient to support  his conviction, appellant argues that the videotape recorded at the police station demonstrates that he was able to answer all booking questions asked of him without slurring, confusion, or delay and that he was able to stand without swaying or support. He claims that the tape contradicts Officer Riggs’s testimony to a degree that no rational trier of fact could have found the necessary elements of DWI beyond a reasonable doubt.

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place.  
Tex. Penal Code Ann.
 § 49.04(a) (Vernon 2003).  In order to establish the offense of driving while intoxicated, the State must prove that (1) the person did not have the normal use of mental or physical faculties by reason of the introduction of alcohol; or (2) the person had a blood alcohol concentration of 0.08 or more.  
Id.
 § 49.01.

The jury, as fact finder, is the sole judge of the credibility of witnesses and the weight to be given their testimony.   
See Vasquez v. State,
 67 S.W.3d 229, 236 (Tex. Crim. App. 2002); 
Rodriguez v. State,
 45 S.W.3d 685, 688 (Tex. App.—Fort Worth 2001), 
aff’d,
 93 S.W.3d 60 (Tex. Crim. App. 2002). Here, the jury chose to believe the testimony of David Kervin and Officer Riggs, which was within its discretion.  The jury also observed the video tape, and while the tape did show appellant able to answer questions without any apparent slurring, confusion, or delay, the tape also showed appellant losing his balance and becoming unsteady on two occasions.  From the evidence presented, we conclude the jury could have found the necessary elements of DWI beyond a reasonable doubt.  Applying the appropriate standards of review, we hold that the evidence is both legally and factually sufficient to support appellant’s conviction for the offense of driving while intoxicated, felony repetition.  
See Cardenas v. State,
 30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); 
McDuff v. State,
 939 S.W.2d 607, 614 (Tex. Crim. App.), 
cert. denied,
 522 U.S. 844 (1997); 
Narvaiz v. State,
 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied,
 507 U.S. 975 (1993) (all addressing legal sufficiency review); 
Johnson v. State,
 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Cain v. State,
 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); 
Clewis v. State,
 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (all addressing factual sufficiency review).  We overrule appellant’s sole point on appeal and affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: April 17, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.