COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




RAYMUNDO JUAREZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-03-00148-CR

Appeal from the

409th District Court
of El Paso County, Texas 

(TC# 20020D05072)





O P I N I O N

           Appellant appeals his conviction for failure to register as a sex offender under Code
of Criminal Procedure article 62.10. Appellant was found guilty by a jury, and the judge
sentenced him to fifteen years in the Texas Department of Criminal Justice. We affirm the
judgment of the trial court.
I. FACTUAL SUMMARY
           Appellant’s brother, Jose Juarez, testified that Appellant grew up in Juarez and came
to the United States in 1972 when he was fifteen. Appellant attended school in Mexico until
sixth grade and entered his freshman year at Ysleta High School upon arrival in the U.S. 
However, Appellant dropped out during his sophomore year and does not read or write in
English. Appellant also cannot communicate clearly in English.
           Appellant testified that he was released from prison on October 4, 2000 and that he
was given instructions about what he needed to do when he got out. Appellant understood
he had to report and take his papers to the police department when he arrived in El Paso to
let them know he had arrived. Appellant was presented with the registration forms upon his
release from prison, but no prison official read the form to him. Appellant stated that he did
not read English. Appellant said that a fellow prisoner read him the instructions in broken
Spanish. Further, when the defense had Appellant examine the pre-release form, Appellant
provided that the only things he understood on the paper were his address and the date.
           Texas Department of Public Safety (TDPS) Sex Offender Registration Coordinator
Vincent Castilleja explained notification procedures for convicted sex offenders. Castilleja
stated that when a sex offender is released from prison or placed on community supervision,
a designee informs the offender if he has a reportable conviction or sex offense that he will
have a duty to register in Texas as a sex offender. The designee is the head of the Office of
the Identification Division of the Texas Department of Criminal Justice, G.W. Woods, or his
designee. The designee presents the offender with the CR-32 Form (the pre-release form)
outlining the offender’s duty to register.
           TDPS employee Jo Ann Bredl explained the Pre-Release Notification Form for the
Texas Sex Offender Registration Program. The form contains a SID (state identification
number) that is used by the State to identify a subject in the criminal records system. The
notification form is in English, and there is no Spanish notification form. In examining
Appellant’s pre-release form, Bredl provided that Appellant’s registration began on October
4, 2000, that Appellant was required to register for life, and that he was to verify his
information every ninety days. After his release, Appellant was to register with the El Paso
Police Department (EPPD) by October 10, 2000. There was no notifying officer signature
on Appellant’s CR-32 Form. Further, Appellant stipulated that the document bore his
signature.     The designee next prepares the CR-35 Form (the sex offender registration
form), which lists the identification and signature of the offender. Appellant stipulated that
this document also bore his signature. Further, the form provides for a signature of the
designee, which Woods signed. The registration form was given to Appellant upon his
release. Appellant was registered as a sex offender on October 4, 2000 with the CR-35
Form. However, within seven days after his initial registration, Appellant was required to
report to local law enforcement authority in the area where he was going to establish
residence to verify his registration. Castilleja admitted that failure to register and failure to
verify were different. Next, the CR-39 Form is used to report any changes in the offender’s
status and can also be used as the ninety-day verification form. Last, the TDPS provides
Form INT-14 for local agencies to use as a receipt showing the offender appeared for some
sort of procedure whether it be registration, verification, or a status update.
           Bredl was not present upon Appellant’s release and his signature on the pre-release
form. Further, Bredl did not know whether the form was translated into Spanish for
Appellant. Castilleja also admitted that he was not present when Appellant was released. 
Therefore, Castilleja did not know whether Appellant was given instructions in Spanish. 
However, Castilleja admitted there was nothing indicating that Appellant was notified in
Spanish.
           Upon Appellant’s release from prison, Jose picked him up at the bus station. 
Appellant’s wife Rosa Maria Juarez later took him to the Mission Valley police substation. 
Appellant had papers with him. Rosa never took Appellant to the police station afterwards. 
           Upon arriving in El Paso, Appellant presented his papers to an officer at the police’s
Zaragoza headquarters on October 10, 2000 and left. Appellant did not sign any registration
forms. Appellant noted on his copy of the pre-release form the day he went to the EPPD. 
Later, in June 2002, Appellant was arrested and accused of failing to register. Appellant
stated that he realized he needed to register only upon his arrest, and that after his release he
registered. There was no documentation in the file verifying Appellant’s registration until
June 26, 2002 and no verification afterwards. Local law enforcement is required to send the
TDPS copies of the verification forms; however, Castilleja admitted he had no control over
whether the agencies actually did so. The defense admitted Appellant’s verification receipt
from March 3, 2003.
           El Paso Police Officer Jose Parra, who works in the Sex Offender Registration
Tracking Unit, received an anonymous letter that a registered sex offender was not
complying with the registration laws. Parra then began an investigation through which he
found no indication that Appellant had ever registered with the EPPD. Parra stated that the
EPPD received notification through a CR-32 pre-release form from TDC or court services
if an individual was convicted or adjudicated of a sex crime. When the offender comes to
the EPPD to register, then the department administers the CR-35 Form. Appellant never
came into the EPPD to fill out the proper documentation to register as a sex offender in El
Paso. Since Appellant failed to register in El Paso, he was arrested. Arresting officers
included Parra and Officer Aurelio Arias. After Appellant’s arrest, he was advised that
when he was released he needed to register with the EPPD. Appellant was also informed that
he should have initially registered in his county of residence within seven days of his release
from prison. Both of the officers spoke to Appellant in English. Appellant replied in
Spanish but seemed to be able to understand and make appropriate responses to their
questions. Then, Officer Arias spoke to Appellant in Spanish.
           Parra’s next contact with Appellant after his arrest was when Appellant came in to
register on June 26, 2002. After the 26th, Appellant began his ninety-day verification. In
addition, since Appellant was not sure of his address, he had to come in once a week to
update his CR-39 until he had a permanent address. Appellant reported weekly for about a
month, then indicated that his address would be on Desert Bloom, which was within the
Sheriff’s Department’s area. Thus, Appellant was notified that he would then need to report
to the Sheriff’s Department.
 

II. DISCUSSION
           In Issue No. One, Appellant challenges the factual sufficiency of the evidence to
prove that he intentionally and knowingly failed to register. Appellant argues that he could
not have intentionally and knowingly failed to register since he was not aware of his
reporting duties since he was not informed in Spanish. Appellant contends that the notice
must have been in a language he understood.
A. Standard of Review
           When conducting a factual sufficiency review, we consider all of the evidence, both
admissible and inadmissible, but we do not view it in the light most favorable to the verdict. 
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Levario v. State, 964 S.W.2d
290, 295 (Tex. App.--El Paso 1997, no pet.). We review the evidence weighed by the jury
that tends to prove the existence of the elemental fact in dispute and compare it with the
evidence that tends to disprove that fact. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000); Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996), cert. denied, 522 U.S.
832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997). A defendant challenging the factual sufficiency
of the evidence may allege that the evidence is so weak as to be clearly wrong and manifestly
unjust, or in a case where the defendant has offered contrary evidence, he may argue that the
finding of guilt is against the great weight and preponderance of the evidence. See Johnson,
23 S.W.3d at 11. Although we are authorized to set aside the fact finder’s determination
under either of these two circumstances, our review must employ appropriate deference and
should not intrude upon the fact finder’s role as the sole judge of the weight and credibility
given to any evidence presented at trial. See Johnson, 23 S.W.3d at 7. We are not free to
reweigh the evidence and set aside a verdict merely because we feel that a different result is
more reasonable. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis, 922
S.W.2d at 135.
B. Sex Offender Registration
           Article 62.03 specifically requires that prior to release, an institution official must
inform the prospective registrant of each of his duties under the statute. Tex. Code Crim.
Proc. Ann. art. 62.03 (Vernon Supp. 2004-05). Failure to register is an offense under article
62.10. Tex. Code Crim. Proc. Ann. art. 62.10 (Vernon Supp. 2004-05). Although the sex
offender registration statute does not expressly require proof of a mental state for prosecution
of a failure to register, the indictment against Appellant alleged that he “intentionally and
knowingly” failed to register. Other Texas courts that have reviewed the sufficiency of
convictions for failure to register have treated the mens rea requirement as going to actual
knowledge of the Appellant’s duty to register. See Varnes v. State, 63 S.W.3d 824, 832 (Tex.
App.--Houston [14th Dist.] 2001, no pet.); Rodriguez v. State, 45 S.W.3d 685, 688 (Tex.
App.--Fort Worth 2001, pet. granted). “Proof of a defendant’s mental state must almost
always depend upon circumstantial evidence.” Varnes, 63 S.W.3d at 833, citing Frost v.
State, 2 S.W.3d 625, 630 (Tex. App.--Houston [14th Dist.] 1999, pet. ref’d).
 

1. Evidence Presented at Trial
           Here, Appellant testified that no prison official read the pre-release instructions to
him, but that a fellow prisoner read them to him in broken Spanish. Further, Appellant and
his brother Jose testified that Appellant did not read or write English nor could he
communicate clearly in English. Next, Appellant admitted that he did not register with the
EPPD, but he testified that he did not know that he had to register with the EPPD until his
arrest in June 2002. Appellant believed that he only had to report to the EPPD and let them
know he had arrived in El Paso.
           However, two employees from the TDPS explained notification procedures for sex
offender registration. Castilleja testified that when a sex offender was released, either Woods
or his designee would inform the offender of his duty to register. At release, the offender
received the pre-release form and the sex offender registration form. Bredl explained that
Appellant’s pre-release form provided that his registration began on the day of his release,
that he had to register for life, and that he had to verify his information every ninety days. 
The forms were in English; both TDPS employees admitted that they were not present for
Appellant’s release, and Castilleja admitted that there was no indication that the forms were
read to Appellant in Spanish.
           Appellant stipulated that his signature was on both the pre-release and sex offender
registration forms he received at release. Further, the documents were admitted into evidence
at trial. The pre-release form provided as follows:
I have been notified of my duty to register as a sex offender in Texas
pursuant to Chapter 62, Code of Criminal Procedure. I understand that:
 
           •         My responsibility to register as a sex offender is for the period of time as
indicated above.
 
           •         I must verify and complete registration within 7 days of the date indicated in
this notice with the law enforcement agency identified above.
 
           •         If under supervision, not later than 7 days prior to any change of address, I
must notify my supervising officer and the last registering law enforcement
agency of my new address and within 7 days of establishing my new address,
I must appear in person with the law enforcement agency having jurisdiction
over my address and verify my new address. If not under supervision, not later
than 7 days prior to any address change, I must notify the last registering
agency of my intended move and within 7 days of establishing my new
address, I must appear in person with the law enforcement agency having
jurisdiction of my new address and verify my new address.
 
           •         If, on 3 or more occasions during any month, I spend more than 48 consecutive
hours in a city or county that is not my residence, I shall report that fact to the
appropriate law enforcement authority in the city or county that I am visiting.
 
           •         I must continue to verify my registration information with the appropriate law
enforcement agency in the time frame indicated above.
 
           •         I am required to pay for any costs incurred by a law enforcement agency for
providing community notification as required under Chapter 62, C.C.P.
 
           •         I must obtain and maintain a yearly renewable Texas drivers license or
personal identification card issued by the Texas Department of Public Safety 
for the duration of the period I am required to register as a sex offender under
Chapter 62, C.C.P.
 
           •         Within 10 days of moving out of Texas, I am required to register in any state
in which I am located or residing and register with the appropriate law
enforcement agency having jurisdiction over my residence location.
 
           •         My failure to abide by the requirements of Chapter 62, C.C.P. is a felony
offense. If I am under any community supervision, any failure to comply with
the requirements of Chapter 62, C.C.P. may result in the revocation of
community supervision.

           Appellant’s signature was located below this acknowledgment.
           The State also admitted the sex offender registration form which provided as follows:
“I have been notified and understand the requirements of my duty to register as a sex
offender in Texas pursuant to the provisions set forth in Chapter 62, CCP (including article
62.04 CCP). Failure to abide by these requirements could subject me to criminal prosecution
pursuant to CCP, article 62.10.” Appellant’s signature also acknowledged this statement. 
2. Appellant’s Arguments
           Appellant argued that the State failed to provide notice to him in a language he
understood. Appellant contended that his argument was fortified by his constitutional due
process right to an interpreter. Appellant first discussed the law of guilty pleas. Appellant
provided authority to show that in a guilty plea proceeding, an interpreter is employed by the
trial court to ensure that the defendant voluntarily and intelligently waived his rights prior
to entering a plea of guilty. Next, Appellant compared sex offender registration to
deportation as a collateral offense of a guilty plea. Appellant provided authority to show that
before receiving a guilty plea, a judge is required to admonish a defendant regarding the sex
offender registration and ascertain whether defendant’s counsel has also advised him. Thus,
Appellant argued that he lacked actual knowledge.
3. Application of Law to Facts
           Viewing the evidence in a neutral light, we believe that the jury could have found that
Appellant intentionally and knowingly failed to register as a sexual offender. We should not
intrude upon the jury’s role as the sole judge of the weight and credibility given to any
evidence presented at trial. See Johnson, 23 S.W.3d at 7. Here, the jury chose not to believe
Appellant’s testimony that he did not know he had to register, which was within its
discretion. Thus, we cannot say that the evidence is so weak as to be clearly wrong and
manifestly unjust or that the adverse finding is against the great weight and preponderance
of the evidence. See Johnson, 23 S.W.3d at 11. Accordingly, we find that the evidence is
factually sufficient to sustain Appellant’s conviction for failure to register and overrule
Appellant’s Issue No. One.
C. Sentencing Enhancement Decided by Trial Court, Not Jury
           In Issue No. Two, Appellant argued that the trial court erred by charging him with a
second-degree felony since the jury was not given an opportunity to decide whether the
enhancement allegations contained in article 62.10(b) were true.
1. Code of Criminal Procedure article 62.10
           Code of Criminal Procedure article 62.10(a) provides as follows: “A person commits
an offense if the person is required to register and fails to comply with any requirement of
this chapter.” Tex. Code Crim. Proc. Ann. art. 62.10(a).
An offense under this article [62.10] is:
 
(1) a state jail felony if the actor is a person whose duty to register expires
under Article 62.12(b);
 
(2) a felony of the third degree if the actor is a person whose duty to register
expires under Article 62.12(a) and who is required to verify registration once
each year under Article 62.06; and
 
(3) a felony of the second degree if the actor is a person whose duty to register
expires under Article 62.12(a) and who is required to verify registration once
each 90-day period under Article 62.06.

Tex. Code Crim. Proc. Ann. art. 62.10(b).
2. Appellant’s Reliance on Apprendi
           Appellant argued that the trial court failed to apply Apprendi v. New Jersey, 530 U.S.
466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Appellant asserted that the trial court
sentenced him to fifteen years at the second-degree felony level and that the jury was not
required to make a finding to support his enhanced punishment.
           In Apprendi, the Court examined a New Jersey hate crimes statute. Id. at 468, 120
S.Ct. at 2351. The statute provided for an extended term of imprisonment if the trial judge
found by a preponderance of the evidence that the defendant acted to intimidate an individual
or group because of race, color, gender, handicap, religion, sexual orientation, or ethnicity
in committing the crime. Id. at 468-69, 120 S.Ct. at 2351. The question presented to the
Court was whether the Due Process Clause of the Fourteenth Amendment required that a
factual determination authorizing an increase in the maximum prison sentence for an offense
be made by a jury on the basis of proof beyond a reasonable doubt. Id. at 469, 120 S.Ct. at
2351. The Court found that the statute was violative of due process and explained as
follows: “Other than the fact of a prior conviction, any fact that increases the penalty for a
crime beyond the prescribed statutory maximum must be submitted to a jury, and proved
beyond a reasonable doubt.” Id. at 490, 120 S.Ct. at 2362-63. Appellant argued that
Apprendi applied to the case at bar because article 62.10(b) contained penalty-enhancing
elements.
3. State’s Rebuttal Premised on Aguirre
           The State argued that Apprendi did not apply to Appellant’s case and cited this
Court’s previous decision in Aguirre v. State, No. 08-00-00456-CR, 2003 WL 550291, at *1
(Tex. App.--El Paso Feb. 27, 2003, pet. ref’d). The State characterized article 62.10(b) as
including independent chargeable offenses as opposed to penalty-enhancing elements.
           In Aguirre, Appellant was charged with the first-degree felony offense of delivery of
a controlled substance, cocaine, in an amount of four or more but less than 200 grams. Id.,
at *1. The jury found Appellant guilty, and the judge sentenced him to ten years’
confinement, probated for ten years. Id. On appeal, Appellant argued that the State failed
to prove the amount and nature of the adulterants and dilutants present in the cocaine. Id. 
Within this issue, Appellant contended that the State had to prove the above amount to satisfy
the requirements of Apprendi. Id. Appellant asserted that the addition of the adulterants and
dilutants to cocaine resulted in an increased penalty for delivery, which was a penalty-enhancing element that must be proven beyond a reasonable doubt. Id., at *3. However, this
Court found Appellant’s reliance on Apprendi flawed. Id. We found that the code
established several offenses relating to the possession of a controlled substance and an
attendant punishment range. Id. We recognized that the amounts of controlled substance and
the corresponding punishment ranges were graduated but found that the graduation did not
create an enhanced penalty scheme, but rather independent chargeable offenses. Id. We also
opined that the amount of adulterant or dilutant was not a fact issue that was used by the
court to enhance the penalty beyond the statutory limits. Id.
4. Application
           We find the Appellant’s argument under Apprendi unpersuasive and the facts in the
case at bar similar to those we examined in Aguirre. We believe that article 62.10(b) sets out
independent chargeable offenses, not an enhanced penalty scheme. See Tex. Code Crim.
Proc. Ann. art. 62.10(b); Aguirre, 2003 WL 550291, at *3. Further, Appellant was
punished within the statutory punishment range; fact findings by the trial court under
subsection (b) were not used to enhance his punishment beyond the statutory limits as in
Apprendi. See Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63; Aguirre, 2003 WL 550291,
at *3. Since we have found Apprendi inapplicable to the case at bar, we find the trial court’s
sentencing Appellant to a second-degree felony proper and overrule Appellant’s Issue No.
Two in its entirety.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
                                                                  RICHARD BARAJAS, Chief Justice
March 24, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)