**AFFIRM; Opinion Filed June 24, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00648-CR**

**ROBERTO ARNOLD BARRIENTOS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-13303-W**

## OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Myers

A jury found appellant Roberto Arnold Barrientos guilty of failing to register as a sex offender and assessed a punishment of eighteen months' confinement in state jail. In three issues, he argues the evidence is insufficient to support the conviction because the State failed to prove proper notification from a penal institution, failed to prove proper notification due to deficiencies in the registration form, and failed to prove the alleged mental state in the commission of the offense. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

Appellant was convicted in 2006 of committing two offenses of indecency with a child. After serving those sentences in the Dallas County jail, appellant was released in August of 2008. Several years later, on June 18, 2011, he was held in the Carrollton city jail for an unrelated offense. The Carrollton police alerted Detective James Snyder, the officer assigned to

oversee all registered sex offenders residing in Carrollton, that appellant was being held in the Carrollton jail. After checking appellant's criminal history, Snyder discovered appellant was required to register as a sex offender but had not done so. Snyder testified that, based on his investigation, he could not determine that appellant had ever been advised of his duty to register. Appellant was released from the Carrollton jail before Snyder could speak to him.

Appellant was arrested again several months later for an unrelated offense, and Snyder spoke to him in the Carrollton city jail on August 17, 2011. On that day, according to Snyder's testimony, he informed appellant "that he was required to register and began to fill out the registration paperwork." Snyder testified that, after gathering "all of the information from the court and the State," he brought the required registration form to the jail, "verbally read each of the [registration] requirements" to appellant, and entered appellant's right thumbprint on the form. But midway through the process of providing the additional personal information that was required on the registration form, appellant "became belligerent and refused to answer any more questions." Snyder told appellant he had seven days to contact the Dallas Police Department concerning registration requirements. Snyder testified that he placed a copy of the registration requirements with appellant's personal property, so that appellant could take it with him upon being released from jail. But as of August 31, 2011, thirteen days after his release from the Carrollton city jail, appellant had not registered. He was then charged with failure to register as a sex offender.

At his trial, appellant testified through an interpreter that he was born in El Salvador. During the trial, he spoke in English and Spanish but preferred to speak in Spanish. He testified that, in 2008, upon his release from the Dallas County jail for his prior offenses, he was not informed of the sex offender registration requirements. He admitted that Snyder spoke to him about registering when appellant was held in the Carrollton city jail. But appellant testified that

Snyder was "threatening" and not "informing" him about registering, and that Snyder told him he would go to prison if he did not register. Appellant testified that Snyder gave him conflicting instructions about whether he needed to sign the form. According to appellant, Snyder obtained his thumbprint on a page that did not appear to be attached to any other documents concerning sex offender registration, and this happened about an hour after Snyder filled out the form and appellant was returned to his cell. Appellant acknowledged that the judgments from his prior sex offenses state he is required to register, but he insisted those judgment notations were never read to him. Appellant added, "The first time I hear about registration is when Detective Snyder told me." Appellant also testified that, during the four year period between the offenses and trial, the attorney who represented him in the prior cases never told him he would have to register as a sex offender if he was found guilty.

The jury returned a guilty verdict and sentenced appellant to eighteen months' confinement in state jail. This appeal followed.

## DISCUSSION

In his first issue, appellant contends the evidence is insufficient to support the conviction for failing to register as a sex offender because he was never informed by an official of a "penal institution," as required by article 62.053 of the Texas Code of Criminal Procedure, of his obligations under the statute. *See* TEX. CODE CRIM. PROC. ANN. art. 62.053(a). In his second issue, appellant contends the pre-release registration form relied on by the State is deficient in several ways, thereby rendering the notice provided to him legally insufficient. In his third issue, appellant argues that, even if he was properly notified to register as a sex offender, the evidence is insufficient because the State failed to prove the alleged mental state.

In reviewing a challenge to the sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact

–3–

could have found the essential element of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We defer to the jury's credibility and weight determinations because the trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson,* 443 U.S. at 326; *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008).

As amended, the indictment in this case alleged that appellant "intentionally, knowingly, and recklessly" failed to provide accurate information regarding his address and failed to register as a sex offender:

> [T]hen and there, while being a person who because of a reportable conviction and adjudication for Indecency to a child younger than 17 years, is required when registering as a sex offender pursuant to the Sex Offender Registration Program, Chapter 62, Texas Code of Criminal Procedure, that defendant shall ensure that the defendant's registration form is complete and accurate with respect to each item of information required by the form in accordance with Subsection (c) of Art. 62.051, namely: the address at which the defendant resides, *intentionally, knowingly, and recklessly* provide on the Pre-Release Notification Form to the Carrollton Police Department, an address at which the defendant did not reside, as required by law,
>
> [A]nd further, defendant is required to register in person as a sex offender pursuant to the Sex Offender Registration Program, Chapter 62, Texas Code of Criminal Procedure, with the local law enforcement authority in the municipality or county in which the defendant resides or intends to reside for more than seven days, and provide said authority with proof of identity and proof of residence, *intentionally, knowingly, and recklessly* fail to register and provide proof of identity and proof of residency with the Dallas Police Department, as required by law.

(emphasis added).

A person commits an offense if the person is required to register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure and fails to comply with any requirement of the chapter. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a). Article 62.102 is a generalized umbrella statute that criminalizes the failure to comply with any of the registration requirements

–4–

set out in Chapter 62. *Young v. State*, 341 S.W.3d 417, 425 (Tex. Crim. App. 2011). Chapter 62 contains numerous distinct requirements in its various statutes. *Id.* A person who has a reportable conviction is required to register with the local law enforcement authority in any municipality or county where that person resides or intends to reside for more than seven days. *Id.* art. 62.051(a). Subsection (c) of article 62.051 specifies the information that must be included on the registration form, which includes the address at which the person resides or intends to reside or, if the person does not reside or intend to reside at a physical address, a detailed description of each geographical location at which the person resides or intends to reside. *See id.* art. 62.051(c)(1). Furthermore, if a person who is required to register pursuant to Chapter 62 intends to change his address, that person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority and provide the authority with the person's anticipated move date and new address. *Id.* art. 62.055(a).

There is no dispute that the judgments from appellant's two convictions for indecency with a child specify that the sex offender registration requirements of Chapter 62 apply. It is also undisputed that appellant failed to register as a sex offender. At trial, however, the evidence did not show whether appellant had been told, either at the time he was convicted or at the time he was released from the Dallas County Jail after serving his sentences on those convictions, that he needed to register as a sex offender. Article 62.053(a) of the code of criminal procedure requires that prior to release from a "penal institution," an official of the "penal institution" must inform a prospective registrant of each of his duties under the statute. *Id.* art. 62.053(a)(1). Chapter 62 defines the term "penal institution" as follows:

> "Penal Institution" means a confinement facility operated by or under a contract with any division of the Texas Department of Criminal Justice, a confinement facility operated by or under contract with the Texas Youth Commission, or a

–5–

juvenile secure pre-adjudication or post-adjudication facility operated by or under a local juvenile probation department, or a county jail.

*Id.* art. 62.001(3). Snyder acknowledged at trial that appellant was not being released from a "penal institution" when he warned appellant about the duty to register. Thus, according to appellant, he had no duty to register following his release from the Carrollton city jail because that facility is not a proper notifying authority under the statute.

Another complaint raised by appellant (in his second point) is that a "clear reading" of the pre-release notification form completed by Snyder when he spoke to appellant shows the form is "defective in multiple respects." Appellant first points out that the part of the form titled "Assigned Risk Level" is left blank and there is no "risk assessment" on the form. According to article 62.053(a), before a person who is subject to registration is due to be released from a penal institution, the Texas Department of Criminal Justice shall determine the person's level of risk to the community and assign to the person a numeric risk level of one, two, or three. *See id.* art. 62.053(a). Second, on the part of the form titled "Duty to Register Expires," the box marked "Lifetime" is check-marked. Yet as appellant correctly points out, Snyder testified that appellant was only required to register for ten years.

There is no question that the State in this case failed to satisfy its obligations under section 62.053(a). That statute, however, does not impose any penalties on the State for failing to meet any of its requirements under the statute, and it does not make the convicted offender's duties contingent on the State's fulfillment of its duties. *Varnes v. State*, 63 S.W.3d 824, 829, 830 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Nor does the statute provide the convicted sex offender with a defense to prosecution under the statute based on the State's failure to act. *Id.*; *see Martin v. State*, 252 S.W.3d 809, 819 (Tex. App.—Texarkana 2008, pet. dismissed as improvidently granted) (sex-offender-registration program "does not explicitly provide a sex offender any defense for a failure by the State to do any particular act, such as delivering him or

her a particular form" and "with few exceptions, the burdens are placed on the offender."). Appellant has not cited any references or case law showing that such a defense could be read into the statute. *See Varnes*, 63 S.W.3d at 830. Moreover, Chapter 62 places the primary responsibility for compliance on the offender, and it holds the offender liable for his own failure to act under the statute. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.051, 62.052, 62.102(a). We therefore are not persuaded that the previously described violations of the State's duties under the statute render the evidence here legally insufficient.

But we must still determine whether appellant had actual notice or the reasonable probability of actual notice of the sex offender registration requirement. "The requirement of notice in the statute appears to be aimed at meeting existing constitutional due process requirements." *Varnes*, 63 S.W.3d at 830. "Such due process notice requirements are necessary because of the very nature of a criminal registration statute." *Id*. "[D]ue process requires actual notice or the reasonable probability of actual notice before violation of a registration statute can be prosecuted against an individual." *Id.* at 831.

The evidence in this case shows that appellant received actual notice, or the reasonable probability of actual notice, of his obligations under the statute. Snyder testified that, with a registration form in hand, he visited appellant in the Carrollton city jail, and he "verbally read each of the requirements" to appellant. The presence of appellant's right thumbprint on the registration form supports Snyder's testimony that appellant was notified of the contents of the notification form. Snyder also said he told appellant that he would have to register, and that appellant was specifically advised he had seven days to register upon release from the Carrollton jail. Snyder further testified that he made sure appellant had a copy of the registration requirements to take with him upon his release. The record includes copies of the two judgments from appellant's prior convictions for indecency with a child, both of which read as follows:

"The **Sex Offender Registration Requirements** under Chapter 62, CCP, **apply** to the Defendant. The age of the victim of the offense was **10 years old**."[1] Although this language is not direct proof of actual knowledge (absent evidence appellant read the judgments), it is additional evidence showing a reasonable probability of actual notice.

Appellant argues in his third issue that even if he received proper notification to register as a sex offender, the record does not show he "intentionally, knowingly, and recklessly" failed to register or failed to provide accurate information regarding his address. Texas courts that have reviewed other convictions under Chapter 62 for sufficiency have treated the mens rea requirement in the indictments or charges as going to the actual knowledge of the defendant's duty to register. *See Harris v. State*, 364 S.W.3d 328, 335 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Varnes*, 63 S.W.3d at 832; *Rodriguez v. State*, 45 S.W.3d 685, 688 (Tex. App.—Fort Worth 2001), *aff'd*, 93 S.W.3d 60 (Tex. Crim. App. 2002); *White v. State*, 988 S.W.2d 277, 279-80 (Tex. App.—Texarkana 1999, no pet.).

In support of his argument, appellant points to his trial testimony as evidence he did not have actual knowledge of the duty to register as a sex offender. Appellant testified that he did not believe Snyder was informing him that he was legally required to register as a sex offender, but rather that Snyder was threatening him with prison if he did not do so. Appellant also testified that he was confused regarding whether he was supposed to sign the registration form Snyder was filling out. Appellant added: "It seems to me the detective was—didn't know what he was doing because first he asked me to sign. And then after that, he asked me not to sign. And then one hour later he came back with the fingerprint card." In addition, appellant testified that he did not fill out any of the information on the form or "even touch a pen," and that the form was completed by Snyder. According to Snyder's direct testimony, appellant gave him an

---

[1] In each judgment, the words "Sex Offender Registration Requirements," "apply," and "10 years old" are bolded.

address of 12015 Woodlake, Dallas, Texas.  Snyder later testified on cross-examination that he took this address, which is the address printed on the registration form, from appellant's ID, but appellant verbally confirmed it was his address.  Appellant, however, denied he gave Snyder an address.  Appellant testified he did not have a place to live at the time and that Snyder told him he could register as homeless.  Appellant likewise testified that, contrary to Snyder's testimony that he read aloud each of the requirements of sex offender registration, Snyder did not read any of those requirements to appellant.

Faced with such conflicting testimony, the jury in this case, as the finder of fact, could have chosen to believe Snyder's testimony over appellant's, including appellant's testimony that he did not know he had to register.  *See Brooks*, 323 S.W.3d at 899; *see also Rodriguez*, 45 S.W.3d at 688 (in case involving failure to comply with sex offender registration requirements, "the jury chose not to believe [a]ppellant's testimony, which was within its discretion"); *Juarez v. State*, No. 08-03-00148-CR, 2005 WL 678570, at *4 (Tex. App.—El Paso Mar. 24, 2005) (not designated for publication), *aff'd*, 198 S.W.3d 790 (Tex. Crim. App. 2006) (jury could have found appellant intentionally and knowingly failed to register because it was within jury's discretion to choose not to believe appellant's claim he was unaware of registration requirement).  As we noted earlier, we defer to the jury's determinations of credibility and resolve inconsistencies in the evidence in favor of the verdict.  *See Jackson*, 443 U.S. 326; *Brown*, 270 S.W.3d at 568.  Viewing the evidence under the appropriate standard, the jury in this case could, therefore, have determined appellant had notice of the sex offender registration requirements and that he intentionally, knowingly, or recklessly failed to register or provide accurate information regarding his address with the appropriate authority, as required by law.  We overrule appellant's

first, second, and third issues.

We affirm the trial court's judgment.


       <u>Lana Myers</u>
       LANA MYERS
       JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120648F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERTO ARNOLD BARRIENTOS,
Appellant

No. 05-12-00648-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-13303-W.
Opinion delivered by Justice Myers.
Justices Bridges and FitzGerald
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 24th day of June, 2013.

/Lana Myers/
LANA MYERS
JUSTICE