

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00096-CR

RONALD WAYNE STIVERS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 19993

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

An Upshur County jury found Appellant, Ronald Wayne Stivers, Jr., guilty of failure to register as a sex offender and assessed a sentence of life imprisonment. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102 (Supp.). On appeal, Stivers argues that the trial court abused its discretion in admitting extraneous offense evidence because (1) the prior conviction did not fall into any of the recognized exceptions under Rule 404(b) of the Texas Rules of Evidence and (2) the probative value of the conviction was outweighed by the unfair prejudice it placed on Stivers. Because we conclude that there was no abuse of discretion in admitting the evidence, we overrule Stivers's points of error. Even so, we modify the trial court's judgment to reflect the proper statute of offense. As modified, we affirm the trial court's judgment.

## I.    Background

Stivers has a prior conviction for a sexual offense requiring lifetime registration. In July 2024, a fugitive task force arrested Stivers in South Texas following an investigation into his disappearance from Mississippi—the jurisdiction where he last registered—and his subsequent resurfacing in Upshur County, Texas. After his arrest, an Upshur County Grand Jury indicted Stivers for failure to register as a sex offender as required by Chapter 62 of the Texas Code of Criminal Procedure, enhanced to a first-degree felony based on a prior conviction. The case proceeded to a jury trial.

Prior to trial, Stivers filed a motion in limine requesting the exclusion of extraneous-offense evidence not relevant to a material issue in the case. In response, the State informed the trial court of its intent to introduce a prior Illinois conviction for failure to register as a sex

offender for non-character-propensity purposes. The State specifically argued that the evidence demonstrated Stivers's knowledge of his duty to register when changing addresses. Stivers objected, asserting that it constituted "Rule 404(b) evidence that shouldn't be allowed. More importantly, under [Rule] 403 [of the Texas Rules of Evidence], any probative value would be outweighed by the prejudice to [Stivers]." The trial court overruled Stivers's objections.

The State then presented its case-in-chief by first offering and admitting a certified record of Stivers's prior Illinois conviction for failure to register as a sex offender. The prior conviction contained a list of duties that Stivers acknowledged by signing his initials. The State highlighted the following duty that Stivers had acknowledged: "If [Stivers] move[s] to another state, [Stivers] must register with that state within [five] days."

The State next established that Stivers resided in Upshur County with Barbara Bates from May 20 to May 31, 2024. During that time, Stivers applied for Medicaid with the State of Texas, listing Bates's home as his residence and stating his intent to live in the state permanently. Additional evidence shows that Stivers fled from Mississippi and never registered as a sex offender in Texas.

After hearing the evidence, the jury found Stivers guilty of failing to register as a sex offender within the time required by the law.

## II. Extraneous-Offense Evidence

In his brief, Stivers contends that the admission of the prior conviction of failing to register as a sex offender was unduly prejudicial under Rule 403 and did not meet any of the exemptions under Rule 404(b) of the Texas Rules of Evidence. *See* TEX. R. EVID. 403, 404(b).

3

As to Rule 404(b), Stivers argues that the State's use of his prior conviction for failure to register as a sex offender constituted improper character-witness evidence because "[t]here is no knowledge requirement in the elements of the crime charged." We reorder Stivers's issues to address Rule 404(b) first and then Rule 403.

### A. Standard of Review

"We review a trial court's decision to admit or exclude evidence for an abuse of discretion." *Flowers v. State*, 438 S.W.3d 96, 103 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010)). "Abuse of discretion occurs only if the decision is 'so clearly wrong as to lie outside the zone within which reasonable people might disagree.'" *Id.* (quoting *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008)) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)). "We may not substitute our own decision for that of the trial court." *Id.* (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)). "We will uphold an evidentiary ruling if it was correct on any theory of law applicable to the case." *Id.* (citing *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009)).

The admissibility of extraneous-offense evidence is evaluated under a two-pronged test: (1) the extraneous-offense evidence must be "relevant to a fact of consequence in the case aside from its tendency to show action in conformity with character," and (2) "the probative value of the evidence" must not be "substantially outweighed by [the danger of] unfair prejudice." *Page v. State*, 213 S.W.3d 332, 336 (Tex. Crim. App. 2006).

4

### B. Rule 404(b) Analysis

Rule 404(b)(1) provides, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1). However, evidence of "other crime[s], wrong[s] or other act[s]" may be admissible if it has relevance apart from its tendency "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Id.* The permissible "purpose[s]" to which evidence of "crime[s], wrong[s], or other act[s]" may be put include "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b)(2). Extraneous-offense evidence that logically serves any of these purposes is "relevant," TEX. R. EVID. 403, beyond its tendency "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" provided its probative value substantially outweighs the danger of unfair prejudice, TEX. R. EVID. 404(b)(1). Thus, the rule only excludes evidence offered solely to prove bad character and conformity with that character. *De La Paz*, 279 S.W.3d at 343.

Stivers argues that the State improperly relied on Rule 404(b) evidence to prove knowledge because knowledge is not an element of the charged crime. According to Stivers, "[t]he prior conviction . . . did not serve to prove or disprove any element of the crime" and was therefore "irrelevant to the State's case." In making this argument, however, Stivers misconstrues the State's burden of proof.

5

"Because Article 62.102(a) [neither provides] a culpable mental state" nor "dispense[s] with one," Section 6.02(c) of the Texas Penal Code requires that one be read into the statute. *Robinson v. State*, 466 S.W.3d 166, 170 (Tex. Crim. App. 2015); *see* TEX. PENAL CODE ANN. § 6.02(c). To this end, the Texas Court of Criminal Appeals has determined "that the culpable mental states of knowledge and recklessness apply only to the duty-to-register element of" an offense under Chapter 62 of the Texas Code of Criminal Procedure. *Id*. at 172. Further, the indictment under which Stivers was tried alleged that he

> **then and there, while knowing that he was required to register under Chapter 62 of the Texas Code of Criminal Procedure because of a reportable conviction based upon Aggravated Sexual Assault, fail to comply with a requirement of Chapter 62, by failing to register with the local law enforcement authority in the county where the defendant resided or intended to reside for more than seven days, namely, Upshur County Sheriff's Office, and [Stivers] did not register by the seventh day after [Stivers's] arrival in said jurisdiction.**

Therefore, the State was required to prove that Stivers knew of his duty to register with Upshur County authorities.

"Evidence of extraneous misconduct is admissible to show an individual's culpable mental state at the time of the offense if such mental state cannot be inferred from the conduct itself." *Crews v. State*, 06-09-00080-CR, 2009 WL 4907423, at *7, (Tex. App.—Texarkana Dec. 22, 2009, pet. ref'd) (mem. op., not designated for publication) (citing *Morgan v. State*, 692 S.W.2d 877, 880 (Tex. Crim. App. 1985)). In this case, a culpable mental state could not be inferred from Stivers's conduct. *See Robinson*, 466 S.W.3d at 170; *see also Varnes v. State*, 63 S.W.3d 824, 831 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("[D]ue process requires actual notice or the reasonable probability of actual notice before violation of a registration

6

statute can be prosecuted against an individual.").  In such an instance, the prior Illinois conviction was relevant for a purpose other than character conformity because it showed Stivers's awareness of his duty to register.  *See Montgomery*, 810 S.W.2d at 387 (op on reh'g).

Therefore, we overrule Stivers's Rule 404(b) point of error.

### C.      Rule 403 Analysis

"Evidence that is admissible under Rule 404(b) may nonetheless 'be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.'"  *James v. State*, 555 S.W.3d 254, 260 (Tex. App.—Texarkana 2018, pet. dism'd, untimely filed) (quoting Tex. R. Evid. 403).  Accordingly, in performing a Rule 403 analysis, we

> must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).  "As with Rule 404, a trial court does not abuse its discretion when it admits or excludes evidence pursuant to Rule 403 so long as its decision is within the zone of reasonable disagreement."  *James*, 555 S.W.3d at 260 (citing *De La Paz*, 279 S.W.3d at 343–44).

We first consider the probative value of the extraneous-offense evidence.  "'[P]robative value' refers to the inherent probative force of an item of evidence—that is, how strongly it

serves to make more or less probable the existence of a fact of consequence to the litigation . . . with the proponent's need for that item of evidence." *Gigliobianco*, 210 S.W.3d at 641.

Stivers contends that "[t]he prior conviction held no probative force for the offense charged." However, as discussed above, the prior conviction had substantial probative force because it made it more likely that Stivers knew of his duty to register as a sex offender with authorities in Upshur County. Moreover, the extraneous-offense evidence was central to the State's case, as it bore the burden of proving knowledge beyond a reasonable doubt. Stivers does not identify how the State could have met that burden without the prior conviction, and our independent review of the record indicates it could not.

The record instead reflects mixed conduct bearing on Stivers's mental state. Bates testified that Stivers lied to her about his prior criminal history and disappeared when law enforcement came to her home in connection with her ongoing divorce. However, Stivers also applied for Medicaid, stating that he resided in Upshur County and intended to live in Texas permanently—conduct that could be viewed as inconsistent with guilty knowledge of a duty to register as a sex offender. Under those circumstances, the trial court could have reasonably concluded that the prior conviction was necessary to prove Stivers's knowledge of his duty to register as a sex offender in Upshur County. Therefore, we find that the first two *Gigliobianco* factors weigh in favor of admission of Stivers's prior conviction.

As for the remaining factors, Stivers argues that the inflammatory nature of the extraneous-offense evidence improperly swayed the jury to find him guilty. When the extraneous offense is "no more heinous" than the charged offense, evidence of the extraneous

8

offense is not likely to cause unfair prejudice. *Taylor v. State*, 920 S.W.2d 319, 323 (Tex. Crim. App. 1996); *see also Robisheaux v. State*, 483 S.W.3d 205, 220 (Tex. App.—Austin 2016, pet. ref'd) (tendency to suggest decision on improper basis is "ameliorated somewhat by the fact that the . . . [extraneous] actions were no more serious than the allegations forming the basis for the indictment"). Moreover, even "[w]hen evidence does tend to suggest a decision on an improper basis, . . . a limiting instruction can minimize the risk of the jury improperly relying on it." *James v. State*, 623 S.W.3d 533, 549 (Tex. App.—Fort Worth 2021, no pet.).

Here, the extraneous offense is the same as Stivers's charged offense, and the trial court gave limiting instructions concerning it. In the jury charge, the trial court instructed the jury that it could only consider the extraneous offense after finding beyond a reasonable doubt that Stivers committed it, and then only for the limited purpose of determining "motive, opportunity, intent, plan, knowledge or absence of mistake or accident." The presentation of the extraneous-offense evidence also did not consume an inordinate amount of time, as Stivers admits, making it unlikely to have confused or distracted the jury. In light of the above, the trial court could have reasonably concluded that the prior conviction did not tend to suggest a decision on an improper or emotional basis. As such, we find that the remaining *Gigliobianco* factors weigh in favor of admission of the prior conviction.

We conclude that the trial court's ruling was within the "zone of reasonable disagreement" that is protected from appellate reversal by the abuse of discretion standard of review. *See De La Paz*, 279 S.W.3d at 344. Therefore, we overrule Stivers's Rule 403 point of error.

9

## III.    Modification of the Judgment

Though we have overruled Stivers's points of error, we find, sua sponte, that the trial court's judgment requires modification. "This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (en banc)).

In this case, the trial court's judgment mistakenly states that the statute of offense is found at "**62.102 Penal Code**" instead of Article 62.102 of the Texas Code of Criminal Procedure. As a result, we modify the trial court's judgment by deleting the incorrect statute of offense of "**62.102 Penal Code**" and changing it to "**62.102 Code of Criminal Procedure**."

## IV.    Conclusion

As modified, we affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:      January 20, 2026
Date Decided:        April 23, 2026

Do Not Publish

10